### 27234. DANIEL v. THE STATE.

MacIntyre, J. 1. In the trial of criminal cases, where the guilt of the accused is dependent wholly upon circumstantial evidence, it is the duty of the court, without any request, to charge the law of circumstantial evidence, and the failure to so do requires the grant of a new trial. *Ooney* v. *State*, 18 *Ga. App.* 112 (88 S. E. 918) ; *Harris* v. *State*, 18 *Ga. App.* 710 (90 S. E. 370) ; *Glaze* v. *State*, 2 *Ga. App.* 704 (58 S. E. 1126). However, where the indictment is supported by both circum-

stantial and direct evidence, and the direct evidence is evidence of a confession by the accused which is itself direct and not circumstantial evidence, it was not erroneous for the court, in the absence of an appropriate request, to omit to charge the law of circumstantial evidence. *McElroy* v. *State*, 125 *Ga.* 37 (2) (53 S. E. 759); *Smith* v. *State*, 125 *Ga.* 296 (54 S. E. 127); *Griner* v. *State*, 121 *Ga.* 614 (49 S. E. 700); *Perry* v. *State*, 110 *Ga.* 234 (36 S. E. 781). Nor is it ground for a new trial that the judge, in the absence of a special request so to do, fails to charge as to the weight to be given confessions. *Sutton* v. *State*, 17 *Ga. App.* 713 (88 S. E. 122); *Malone* v. *State*, 77 *Ga.* 767 (5); *Sellers* v. *State*, 99 *Ga.* 212 (25 S. E. 178); *Walker* v. *State*, 118 *Ga.* 34 (3) (44 S. E. 850); *Chapman* v. *State*, 28 *Ga. App.* 107 (2) (110 S. E. 332).

2. The evidence amply supported the verdict and under the foregoing rulings the court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*

DECIDED FEBRUARY 16, 1939.

456

*P. T. Hipp, Loeb C. Ketzky,* for plaintiff in error.
*L. L. Meadors, solicitor,* contra.