31316. JEFFERSON *v.* THE STATE.

Decided September 12, 1946.

A. C. Riley, George B. Culpepper Jr., for plaintiff in error.
Charles H. Garrett, Solicitor-General, William M. West, contra.

MacIntyre, J. ■ Even if the evidence authorized a charge on the law of confessions, in the absence of an appropriate written request so to do, the failure to instruct the jury on that subject was not cause for a new trial. Nail v. State, 125 Ga. 234 (3) (54 S. E. 145); Daniel v. State, 59 Ga. App. 454 (1 S. E. 2d, 229).

■ The judge charged the jury: "Now, the mere fact, if you find it to be a fact, that whisky may have been found in a bathroom, which you find was used jointly by this defendant and another, would not show conclusively that it was in the exclusive possession of either one of the persons jointly using that room. What may or may not or has or has not taken place with reference to some other person charged with possession or ownership of the whisky, which the State charges was in the possession of this defendant, does not and need not control your verdict in this case. If you should find that illegal .whisky was found in a place under the control of this defendant, though the whisky was owned by another or placed there by another, if it were there with the knowledge and consent or through the co-operation of this defendant, then you would be justified in returning a verdict of guilty as to this defendant, regardless of what disposition may have been made of any case against any other party. If, on the other hand, you find that this defendant did not herself have control or possess any illegal whisky; and further if any whisky was found and you find that this defendant did not co-operate with another in having, controlling, or possessing such whisky, and had no knowledge of its presence and did not consent thereto—then you should acquit this·defendant. . .

Now the defendant contends that she is not guilty of the offense charged in the second count of the indictment, and further contends that the State has not proved her guilt of the offense as charged to a reasonable and moral certainty and beyond a reasonable doubt." The State abandoned the first count in the indictment against the defendant and she went to trial on the second count only. The defendant contends: "The court should have charged the main contention of the defendant, set out in her statement and borne out by the testimony of Earl McGee, that if the whisky was in the house, it was not hers; that she did not bring it there, but it was brought there by Earl McGee without her knowledge and consent; that she never had possession of same or knowledge that said whisky was in her house until the officers found it in a bathroom shared jointly by herself and Earl McGee, who lived in said home of Laurice Jefferson;" and that the court erred in charging the contentions of the defendant in general and not charging the contentions of the defendant as just above outlined.

This court, in *Moore* v. *State,* 1 *Ga. App.* 502 (supra), stated: "A trial judge must correctly and fairly present to the jury the contentions of the defendant if he attempts to state them, but he is not required to denominate reasons which would authorize a jury to acquit the defendant, and which, as matters of law, are fairly presented in his instructions to the jury, as contentions of the defendant." In *Wilensky* v. *State,* 15 *Ga. App.* 360 (2) (83 S. E. 276), it is stated: " 'While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense . . [stated by the court], and that to this the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue.' " In *Southern Cotton Oil Co.* v. *Thomas,* 155 *Ga.* 99 (4) (117 S. E. 456), the Supreme Court held: "In charging the jury the trial judge is not required, especially in the absence of a timely and appropriate written request, to call the attention of the jury to each particular contention of the contesting parties which may be developed by the evidence." The excerpts from the charge quoted in this division of the opinion are not erroneous for any of the reasons urged.

■ The evidence authorized the verdict finding that the defendant did unlawfully have, control, possess, and have ·in possession the prohibited liquors alleged in the indictment.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*