## 31225. HENRY *v.* THE STATE.

DECIDED OCTOBER 8, 1946.

*W. G. Neville,* for plaintiff in error.

*John F. Brannen, Solicitor,* contra.

MacINTYRE, J. The accusation in this case contained two counts. Count one was for the possessing of distilling apparatus, upon which the defendant was found not guilty. Count two charged that the defendant, James Henry, "did then and there unlawfully have, possess, and control alcoholic and intoxicating wines, beers, liquors, whisky, and other beverages, without bearing the revenue stamps as required by law." The jury found the defendant guilty on count two.

1. The sheriff, a witness for the State, referring to the liquor in question, testified: "That was corn beer. As to how I could tell it was corn beer, well, he had about a twenty-four-pound flour sack tied up full of corn in the barrel and about one inch and a half of meal in the bottom of the barrel, and it was bubbling and running, in a couple of days it would have been ready to run. I smelled the beer. . . It had the appearance of corn beer. . . I know that it was intoxicating. . . The barrel was nearly to the top in beer. . . That beer we found was not wine. . . I would say I saw a hand full of blackberries. We emptied the barrel out and

that's all the berries I saw. As to whether or not they could have dissolved, if they did, the seed must have dissolved too. It was not ready to run. There are two o'r three different stages of beer, as well as you know it. As to whether it was buck or beer, yes it was. I know that it was intoxicating, the truth of it is, all beer in that stage is intoxicating." The defendant contended that the liquid in question was blackberry wine and that, "I put it up that morning about eleven o'clock, and he [the sheriff] come there that evening about three and poured it out. I had not put the syrup in it. I didn't have intentions to make beer, and I reckon there was a peck or peck and a half of blackberries in it." The evidence authorized the jury to find the defendant guilty on count two as charged.

2. Special ground 1. The judge in effect charged, insofar as it was applicable to the evidence in this case, Code, § 58-801, which deals with the right of growers to make wine for the use of the family and guests. He did not denominate it as a reason for finding the defendant not guilty, that if the liquid was wine it was not beer, and the defendant should be acquitted; but did in effect charge that, if the State failed to prove the defendant guilty of possessing the prohibited liquors as charged in the indictment, he should be acquitted. "A trial judge must correctly and fairly present to the jury the contentions of the defendant if he attempts to state them, but he is not required to denominate reasons which would authorize a jury to acquit the defendant, and which, as matters of law, are fairly presented in his instructions to the jury, as contentions of the defendant." *Moore* v. *State,* 1 *Ga. App.* 502 (1) (57 S. E. 1016). See, in this connection, *Jefferson* v. *State,* 74 *Ga. App.* 232 (39 S. E, 2d, 453). This ground is not meritorious.

3. Special grounds 2, 3, and 4. The acts of 1935 (Ga. L. 1935, p. 73, 327), and the act of 1937-1938 (Ga. L. Ex. Sess. 1937-1938, p. 103), deal with circumscribed aspects of the prohibition law, and were enacted for the particular purpose stated in these statutes. They repealed only specific phases of the prohibition law, and the phases repealed by them do not, as contended by the defendant, leave the prohibition law with no provision which would apply to the charge of the court as given. We do not think that the special grounds assigning error on the judge's charge show reversible error.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*