31725. CASSIDY *v.* THE STATE.

MacINTYRE, P. J. A. C. Cassidy was indicted for the offense of assault with intent to rape. The jury returned a verdict of guilty, and the defendant made a motion for new trial based on the general and one special ground. This motion was overruled, and the defendant excepted.

1. The evidence authorized the jury to find that the defendant led a child ten years of age to his paint shop, which was located in proximity of a narrow alley, about eight or nine o'clock in the evening; that the defendant carried the child into the shop, which had no light, and locked the door on the inside; that the defendant attempted to remove the underclothes of the child; that a spectator had seen the defendant take the child into the shop and had informed the police; that the police went to the shop, found the door locked, and heard the child crying; and that the defendant made no response to the demands of the police until the police threatened to knock down the door. We are of the opinion that the evidence was sufficient to authorize the jury to find that the defendant made an assault upon the child with the intent to have sexual intercourse.

2. In the only special ground of his motion for new trial the defendant assigns as error the failure of the trial judge to denominate reasons which would authorize the jury to acquit the defendant. The substantial law covering the issues made by the pleading and the evidence, which is the law of an assault with intent to rape, was given. This court, in *Moore* v. *State,* 1 *Ga. App.* 502 (57 S. E. 1016), stated: "A trial judge must correctly and fairly present to the jury the contentions of the defendant if he attempts to state them, but he is not required to denominate reasons which would authorize a jury to acquit the defendant, and which, as matters of law, are fairly presented in his instructions to the jury, as contentions of the defendant." In *Wilensky* v. *State,* 15 *Ga. App.* 360 (2) (83 S. E. 276), it is stated: " 'While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that

the grand jury has returned an indictment against the defendant, charging him with the offense . . [stated by the court], and that to this, the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue.'" " The trial judge did not err in the instant case in failing in his charge to denominate reasons which would authorize the jury to acquit the defendant. *Jefferson* v. *State,* 74 *Ga. App.* 232 (39 S. E. 2d, 453).

3 The evidence authorized the verdict, and the trial judge did not err in overruling the motion for new trial as amended.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

Decided November 15, 1947.

*John F. Brannen, W. G. Neville, Deal & Anderson,* for plaintiff in error.

*Fred T. Lanier, Solicitor-General,* contra.

