32674. LUNDY *v.* THE STATE.

Decided February 8, 1950. Rehearing denied March 24, 1950.

*Grady Gillon,* for plaintiff in error.

*O. L. Long, Solicitor,* contra.

MacIntyre, P. J. 1. The accusation was in the language of Code § 26-1701. The court read the accusation to the jury then stated that the defendant had pleaded not guilty to this charge and that this formed the issue to be tried. He thereafter defined the crime in the language of Code § 26-1701 as follows:

"Any person who shall be guilty of the act of stabbing another, except in his own defense or under other circumstances of justification, with a sword, dirk, knife or other instrument of a like kind shall be punished as for a misdemeanor." He then charged: "In this case the defendant contends that he did not cut the prosecutor, J. T. Washington, and therefore, he is not guilty. *I charge you if you find beyond a reasonable doubt that this defendant did cut, wound and stab J. T. Washington in the manner charged, by the intentional use of a weapon as charged, and should further believe it was not in self-defense, not to repel a like or similar assault, and that it was not under other circumstances of justification, and should believe the cutting or stabbing was intentional and not justifiable, but unlawful, then, in that event, you would be authorized to find this defendant guilty of the offense of stabbing. If you should have a reasonable doubt as to whether he committed the crime, or if you should have a reasonable doubt as to his guilt, then you would acquit him."* The italicized portion of the foregoing quotation from the charge is objected to on the ground that the contentions of the defendant were that he did not stab the prosecutor and was not even present at the time of the stabbing and that this excerpt of the charge was tantamount to an intimation or expression of an opinion of the court that the defendant actually did the cutting and placed the defendant in the position of having to sustain a contention which he did not make, that the stabbing was with justification, etc. This excerpt was not subject to this criticism, and on the other hand, it was pertinent to the contention of the State as alleged in the accusation and was authorized by the evidence introduced by the State in support thereof. The excerpt in effect said that if as contended by the State the jury should find beyond a reasonable doubt that the defendant was guilty as charged in the accusation, the jury should find him guilty; otherwise, the jury should acquit. We think that the court's charge was within the rule laid down in *Cammons* v. *State*, 59 *Ga. App.* 759, 762 (2 S. E. 2d, 205): " 'It is the duty of the judge to declare to the jury what the law is, with its exceptions and qualifications; and then to state hypothetically, that if certain facts, which constitute the offense, are proved to their satisfaction, they will [be authorized to]

find the defendant guilty; otherwise, they will acquit him.' *Thomas* v. *State*, 49 *Ga. App.* 484, 489 (176 S. E. 155)." See, in this connection, *Henry* v. *State*, 74 *Ga. App.* 378 (39 S. E. 2d, 729). There is no merit in special ground 2 of the motion for a new trial.

2. Following the italicized portion of the charge quoted in the foregoing division, the court charged: "If you believe gentlemen, in this case that a crime was committed—that the crime of stabbing was committed as charged in the accusation, but you do not believe that this defendant committed the crime, or if you should have a reasonable doubt as to whether he committed the crime, it would be your duty to give him the benefit of that doubt and acquit him." The objection to this portion of the charge was that the court expressed its opinion that the crime charged in the accusation was committed. We do not think that the court was saying that in its opinion the crime was committed, but was merely presenting an hypothesis of the case, the truth of which the jury was left to determine, and we think that the jury so understood it. The court was merely saying that if the jury believed that a crime had been committed, and if the jury did not believe the defendant committed it, as alleged in the accusation, they should acquit him. This excerpt is not subject to the objection made that the court expressed an opinion that the crime charged in the accusation was in fact committed. Special ground 1 is not meritorious.

3. The general grounds of the motion for a new trial are neither insisted upon nor argued in the brief of counsel for the defendant and are treated as abandoned.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*