## 33683. ANDERSON *v.* THE STATE.

MacINTYRE, P. J. 1. Where one charged with assault with intent to murder is convicted of assault and battery, any errors in the charge of the court on the law of assault with intent to murder are harmless. *Luke* v. *State*, 41 *Ga. App.* 313, 314 (4) (152 S. E. 907). Special ground 2, numbered 5, of the motion for a new trial is without merit.

2. Where, in such a case, the defendant introduces no evidence and the theory of self-defense is raised only by his statement to the jury, the trial court does not err, in the absence of a timely written request, in failing to charge upon "reasonable fears" as a phase of the theory of self-defense, the court not having undertaken to charge upon the theory of self-defense at all. *Stephens* v. *State*, 118 *Ga.* 762 (3) (45 S. E. 619); *Allen* v. *State*, 194 *Ga.* 430 (22 S. E. 2d, 65); *Jefferson* v. *State*, 74 *Ga. App.* 232 (39 S. E. 2d, 453). Special ground 1, numbered 4, is without merit.

3. Where, from the uncontradicted evidence in the case, it appeared that the defendant and prosecutor, though living together in the same house, had not spoken to each other for well over a year, and the prosecutor testified that on the morning of the attack made upon him, he was sitting lacing his boots when he looked up and saw the defendant standing in the room with him near the fireplace, that nothing was said between them, but that when he leaned over to lace his other boot he received a blow on the back of the head and neck which reduced him to unconsciousness, and another witness testified that she, the defendant, and the prosecutor were alone in the house at the time, that she heard the blow and heard the prosecutor fall to the floor and that when she rushed into the room from the next room in the house she found the prosecutor lying unconscious upon the floor with a "smutty" streak across the nape of his neck and the defendant standing over him with an ax handle which was customarily used as a "fire stick" or poker, and that upon inquiring of the defendant why he had struck the prosecutor,

212

he replied, "the devil just got in me," the evidence authorized the verdict finding the defendant guilty of assault and battery.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED JANUARY 8, 1952.

*H. Alonzo Woods,* for plaintiff in error.
*W. H. Lanier, Solicitor-General,* contra.