## 57561. GROVES v. THE STATE.

SMITH, Judge.

Appellant raises as error the trial court's admission of evidence over a chain-of-custody objection and the court's imposition of punishment upon his convictions for both rape and burglary, which punishment assertedly violated the statutory proscription of double jeopardy. We affirm.

The evidence showed that appellant and another broke into the victim's apartment in Athens. The victim was in bed, and appellant physically held her there, threatening her with a knife, while his friend had sexual intercourse with her. Subsequently, appellant informed

her that "if [she] kissed him . . . he wouldn't do the same thing to [her]." She complied, and the two left.

Over appellant's objection that the state had not shown the chain of custody of the evidence, the trial court admitted into evidence the shirt the victim was wearing at the time of the act, the sheets on the bed, and a vial and two slides containing specimens taken from her sexual organs. All of the introduced items evidenced the existence of spermatozoa. Appellant was indicted both for rape and burglary, the latter crime allegedly having been committed when appellant broke into her apartment with the intent to commit therein the crime of rape.

1. We do not deem it necessary to relate the facts concerning the custody of the aforementioned physical evidence and its testing. Suffice it to state that the following principle applies and the trial court correctly admitted the evidence: "The burden the state must carry to gain admission of evidence such as this is to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. . . '[I]t is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. [Cits.]' " *Johnson v. State,* 143 Ga. App. 169 (237 SE2d 681) (1977).

2. Appellant contends his conviction for rape must be reversed because it was established by the same evidence as and thus was included as a matter of fact within the crime of burglary. See Code §§ 26-505 (a) and 26-506 (a). *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978), requires us to reject that contention. Under the indictment for burglary, a conviction required proof that appellant intended to rape an occupant of the apartment he entered. However, that conviction also required proof that he entered and that he did so without authority. The conviction did not necessitate proof that carnal knowledge was had of a female, forcibly and against her will, which was necessary for a rape conviction. See Code §§ 26-2001 and 26-1601. "No matter what may have been put into evidence, the key consideration is whether one of the

crimes was established by proof of the same or less than all of the facts required to establish the commission of the crime charged." *Potts*, supra, p. 79. In other words, the two crimes "were not included as a matter of fact under the first prong of Code Ann. § 26-505 (a), *since these crimes have distinct elements."* (Emphasis supplied.) *Stephens v. Hopper,* 241 Ga. 596, 600 (247 SE2d 92) (1978).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

---

Submitted April 4, 1979 — Decided November 30, 1979.

*David R. Montgomery,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.