## 65439. GARDNER v. THE STATE.

BIRDSONG, Judge.

Larry Sterling Gardner, alias Monorail Sterling, was convicted of armed robbery. On appeal, he urges that the evidence was insufficient to support the verdict of guilt beyond a reasonable doubt.
*Held:*

The evidence showed that at about 11:00 p.m. on November 27, 1981, the manager and the security guard of a convenience store/gas station on Bankhead Highway in Atlanta were robbed at gunpoint of approximately $2,800 as they were transferring money from the outside gas booth to the store. The robber appeared suddenly and placed a gun on the store manager's face under her eye, cursed her and told her to give him the money or he would blow her brains out. He then stuck the gun in her stomach. She fell and dropped the money as the security guard turned and pulled his gun. The robber pointed his gun in the guard's face and demanded the guard drop his gun. The guard fell or was forced to lie down and was stomped by the robber until he gave up his gun or it was kicked away. The robber picked up the money bag and the officer's gun and ran across the street towards the off-ramp to expressway 285. A second security guard, who had driven up just before or as the robbery took place, fired four shots at the fleeing robber. The guard believed he shot the robber in the lower back, in the legs or below the waist. The store manager and both guards saw the robber slump slightly to the left and drop the first guard's gun and money bag and continue to run.

While responding to the robbery call, a police detective received a call that a man had been admitted to Southwest Hospital (about four miles or 8-10 minutes from the convenience store) with a gunshot wound. At about 12:30, after leaving the convenience store, the detective went to Southwest Hospital and found the appellant Larry Gardner there with a gunshot wound in the lower left back. Gardner told the detective he had been shot at a party. The state crime lab firearms examiner, qualified as an expert, testified that in his experienced opinion the .38 bullet removed from the appellant was fired from the second security guard's .38 gun. Chain of custody of the bullet was fully shown and there was no evidence of tampering. Although the firearms expert stated he accidentally broke the stopper of the glass vial containing the bullet while trying to remove the stopper, and the glass vial later broke, this does not constitute tampering with the evidence so as to render the evidence inadmissible to the jury. See *Dent v. State,* 243 Ga. 854 (257 SE2d 241); *Groves v. State,* 152 Ga. App. 606 (263 SE2d 501).

Appellant testified that he was at the scene; that he left a small family party to get beer and was walking toward the convenience store when he heard shots; he said the fleeing robber actually ran over him and knocked him down, or he fell down. Appellant decided to forget the beer and returned to the party on Martin Luther King Drive. Since he had been rolling in the grass (when he fell or the robber knocked him down), appellant went to the bathroom and fixed his hair. Shortly thereafter, one T. Daniels, a man who was hostile and antagonistic towards appellant, tried to enter the party but appellant pushed him out. A few minutes later, T. Daniels burst in and shot appellant in the back. Appellant's girl friend and his sister both testified vaguely as to the events at the party and stated that they did not know T. Daniels but knew of him. They did not tell the police, when appellant was first accused of the robbery, that T. Daniels had shot appellant at a party.

This evidence is fully sufficient to find rationally appellant's guilt beyond a reasonable doubt. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 5, 1983.

*Earl A. Davidson, Kenneth R. Croy, Amy Jean Griffith,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Chris Jensen, Jr., Assistant District Attorneys,* for appellee.