72074. MUTCHERSON v. THE STATE.
(345 SE2d 661)

BEASLEY, Judge.

Defendant was convicted by a jury of burglary (OCGA § 16-7-1) and the aggravated sodomy (OCGA § 16-6-2) and rape (OCGA § 16-6-1) of his sister.

The sole enumeration of error is the admission into evidence, over a chain of custody objection, of slides of semen samples taken from the victim's vagina.

At trial a physician testified that he made the slides while examining the victim, marked them, and placed them in a cardboard slide carrier which he then sealed with tape and wrote on. He identified his markings at trial. A police detective testified that she removed a police department sealed manila envelope containing the carrier and slides from the police department refrigerator and delivered it to the crime lab's microanalyst. The microanalyst testified that the envelope he received from her had been marked with the victim's name and sealed with staples. He stated that he opened the outer envelope, breaking the seal, and found inside the cardboard slide carrier which had also been sealed on four sides with tape; the seal of tape appeared to be intact. He testified that there was no indication the slides or carrier had been altered or tampered with. He then resealed it and resealed it again after testing it. At trial he recognized his sealing.

Although the state failed to present the testimony of the police officer who took the slides from the physician and delivered them to the police department refrigerator, as he was no longer in the police department and could not be located, the absence of his testimony in explaining his role in the chain of custody does not render the evidence inadmissible. The testimony of the doctor and the microanalyst was a sufficient substitute because their combined testimony showed that the seal put on by the doctor appeared unchanged when the container reached the examiner. " 'The burden the state must carry to gain admission of evidence such as this is to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution . . . "(I)t is not necessary that

the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. (Cits.)" ' [Cit.]" *Groves v. State,* 152 Ga. App.. 606, 607 (1) (263 SE2d 501) (1979). More recently, the Supreme Court restated the test it had fashioned and repeatedly applied earlier: "[W]hen a . . . sample is routinely handled and '. . . nothing in the record raises a suspicion that the [sample] tested was other than that taken . . . , the evidence of tests on such [sample] is admissible.' Further, '(t)he circumstances of the case need only establish reasonable assurance of the identity of the sample.' " *Cunningham v. State,* 255 Ga. 35, 38 (5) (334 SE2d 656) (1985).

Here, there was no evidence to indicate that the slides tested were other than those containing smears taken from the victim or that they had been altered or tampered with. Even "[a] mere suspicion is insufficient to exclude the sample." *Rucker v. State,* 250 Ga. 371, 373 (1) (297 SE2d 481) (1982). The state met its burden. It then became a question for the jury to resolve.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 15, 1986.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*Michael G. Schiavone,* for appellant.
*Spencer Lawton, Jr., District Attorney, Virginia A. Erskine, Assistant District Attorney,* for appellee.