72957. AUGUST v. THE STATE.
(349 SE2d 532)

BIRDSONG, Presiding Judge.

Patricia K. August was convicted of armed robbery and aggra-

vated assault. She was sentenced to serve ten years on the armed robbery and five years concurrently on the aggravated assault. She brings this appeal enumerating five alleged errors. *Held*:

1. In her first three enumerations, Ms. August assigns as error the failure and sufficiency of the evidence to support the verdicts. Without recounting the evidence, we note Ms. August concedes that she was present and participated in the armed robbery and the assault that occurred along with the robbery. She now contends (as she did at trial) that she was not a voluntary participant in the crimes but acted only out of fear for her life through the coercion of other participants in the crimes. The trial court fully and properly charged on the law of principles of parties to a crime and the affirmative defense of coercion. The jury was presented with conflicting evidence both of a direct and circumstantial nature on the issue of whether Ms. August was a willing and thus guilty participant or acted only out of coercion.

On appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Wren v. State*, 57 Ga. App. 641, 644 (196 SE 146). Where the testimony of the State and that of the defendant is in conflict, the jury is the final arbiter (*Crews v. State*, 133 Ga. App. 764 (213 SE2d 34)), and after the verdict is approved by the trial judge the evidence must be construed so as to uphold the verdict. *Glover v. State*, 237 Ga. 859, 860 (230 SE2d 293). We are satisfied that the jury was presented sufficient admissible evidence to establish to the satisfaction of a rational trier of fact that guilt was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The evidence in this case meets that test. The first three enumerations of error are without merit.

2. In her fourth enumeration of error, Ms. August contends the trial court erred in permitting the prosecutor to present argument that a verdict of acquittal would involve a disregard of the jurors' oath and that an acquittal would in effect place a stamp of approval upon violent crime in Effingham County.

In his closing argument, the prosecutor was addressing the issue of coercion advanced by Ms. August. He reminded the jury that a TV comedian had always argued that the "devil made him do it." He then conceded the jurors had the right to disregard all the evidence adduced by the State and grant what was denominated a jury pardon but at the risk of their obligation to fairly judge between the parties. He further pointed out that to turn a guilty party free would be the same as saying it was appropriate to commit violent crime in the county without fear of punishment. At that point, objection was made to the attempt of the prosecutor to interpret a jury's verdict.

Thus, it is apparent that the ambiguous observation made by the prosecutor that a jury could disregard the evidence and grant a jury

pardon in disregard of their oath of impartiality passed without immediate comment by the defense. A few moments later when the prosecutor pursued the argument that a jury pardon for a violent crime gave the wrong signal in Effingham County the defense objected that this amounted to an improper characterization of the effect of a jury verdict. First, we observe that it long has been the law in this state that a prosecutor may argue to the jury the necessity for enforcement of law and may impress on the jury with considerable latitude in imagery and illustration its responsibility in this regard. *Terhune v. State*, 117 Ga. App. 59 (159 SE2d 291). See also *Johnson v. State*, 246 Ga. 126 (269 SE2d 18); *Burke v. State*, 153 Ga. App. 769 (266 SE2d 549). Moreover in this state, it is necessary to object to an irregularity at the time it actually is made, and failure to do so amounts to a waiver of any objection which might have been raised. *Sides v. State*, 213 Ga. 482, 487 (99 SE2d 884). The logic of such a rule is manifested by the occurrence in this case. At the time he made his objection to the prosecutor's argument, it seemed apparent that appellant's counsel's objection related to the forgiveness of crime by a jury in Effingham County rather than to the earlier argument pertaining to a violation of a juror oath. This court passes upon asserted error made by the trial court where the trial court is aware of the asserted error and takes action thereon. *Wiggins v. State*, 139 Ga. App. 98, 100 (3) (227 SE2d 895). Even assuming, arguendo, erroneous argument, we cannot act in the vacuum created by the failure timely to object. There is no merit in this enumeration.

3. In her last enumeration of error, Ms. August contends that the trial court should have given her requested instruction that in order to convict the State must show affirmatively an intention to aid and abet or an active involvement in the two crimes charged.

Even a casual reading of the charge of the trial court shows the charge covered fully (even to overflowing) each and every applicable principle of law concerning the crimes of armed robbery and aggravated assault and the law of principals as well as intent and participation only under coercion. It is axiomatic that a charge is to be considered as a whole, and where the charge as given covers the substance of the subject matter of the request, it is not error that the charge is not exactly in the language of the request. *Stevens v. State*, 247 Ga. 698, 704 (278 SE2d 398). Moreover, the trial court is not required to present negative or obverse meanings to the affirmative statements contained in a correct charge so long as the charge given correctly states the law. Such a request tends to be argumentative and presents only contentions of the requester. See *Henry v. State*, 74 Ga. App. 378, 379 (2) (39 SE2d 729); *Jefferson v. State*, 74 Ga. App. 232 (39 SE2d 453). There is no merit to this last enumeration of error.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 9, 1986.

Armed robbery, etc. Effingham Superior Court. Before Judge Martin.

*Evelyn S. Hubbard*, for appellant.

*J. Lane Johnston, District Attorney, Rene J. Martin III, Assistant District Attorney*, for appellee.