76466. CRISWELL v. THE STATE.
(368 SE2d 579)

DEEN, Presiding Judge.

The appellant, Troy Criswell, was convicted of criminal attempt to escape. On appeal, he contends that the evidence was insufficient to support the conviction and that the prosecutor improperly commented on the effect of the jury's verdict.

On June 18, 1987, Criswell was an inmate at the Macon-Bibb County Law Enforcement Center, serving out a sentence for armed robbery. In the early evening of that day, Sgt. Albert Hall of the Bibb County Sheriff's Department discovered Criswell and another inmate, Robert Darley, in a plumbing chase inside the walls of the facility, prying at a vent. Criswell and Darley had obtained access to the plumbing chase through a hole that had been knocked in the wall of an unoccupied cell. They claimed to have entered the plumbing chase only to repair a broken shower, and denied any knowledge of the various tools that were found in the chase. *Held*:

1. In attacking the sufficiency of the evidence, Criswell contends that the evidence contraindicates any intent to escape, since (1) both he and Darley were familiar with the lay-out of the jail, and (2) despite that familiarity, he and Darley were going in the wrong direction to break out of jail. However, as Judge Bleckley observed, "[m]en, even when their ends are wise and virtuous, do not always select the best means at their command. There is no presumption that those having foolish and wicked ends in view, are either more discreet or more fortunate. It is a great blunder to engage in crime at all, and how many subordinate or secondary blunders may occur in the course of a criminal transaction, is matter of much uncertainty. . . . He ac-

ted like a fool, and it is altogether unlikely that he reasoned like a philosopher." *Tatum v. State*, 59 Ga. 639, 640 (1877). Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence authorized a rational trier of fact to find Criswell guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During closing argument, the prosecutor pointed out that the jury could "tell Criswell that, 'Even though you're serving ten years, we're going to let you go today and we can just forget about [the attempted escape].' But you know somebody else we've got to be concerned about in this case? We've got to be concerned about the other people in the jail. We've got to be concerned about the guards who work in jail, the other people of this community. Because we're sending a message." Over defense counsel's objection that it improperly commented on the effect of the jury's verdict, the trial court allowed the argument, on the grounds that "[h]e's saying that their verdict ought to be based on the evidence and should not be a pardon and he's attempting to give a reason, and that's perfectly proper." We agree with the trial court.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I agree that the judgment of conviction should be affirmed. With regard to the issue discussed in Division 2, the argument of the prosecutor was not improper and the trial court clearly did not err in denying the motion for mistrial. *Burke v. State*, 153 Ga. App. 769, 771 (8) (266 SE2d 549) (1980); *Callahan v. State*, 179 Ga. App. 556, 564 (5) (347 SE2d 269) (1986); *August v. State*, 180 Ga. App. 510, 512 (2) (349 SE2d 532) (1986).

DECIDED APRIL 12, 1988.

*Carl J. Wilson, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Assistant District Attorney*, for appellee.