## A89A0115. WILLIAMS v. THE STATE.

(381 SE2d 399)

BENHAM, Judge.

A jury convicted appellant of speeding and driving under the influence of alcohol. He appeals from the judgment of conviction, raising two enumerations of error. We affirm the judgment.

1. Appellant was sentenced to pay a $300 fine and serve a 12-month sentence "suspended on condition [that] . . . Defendant does not drive during [the] next 120 days at anytime for any purpose whatsoever." As a special condition of the suspended sentence, the trial court also stated that "[u]nder Georgia law, the defendant's license automatically will be suspended for the next 120 days and thus defendant's license will be suspended in any event. However, even without that suspension, the court is conditioning the above-suspended sentence on the condition that Defendant not drive during the next 120 days." Appellant contends that the trial court's sentence added a condition to a suspended sentence, which had the effect of placing appellant on probation, in direct conflict with OCGA § 42-8-39. That statute states: "In all criminal cases in which the defendant is found guilty . . . and in which the trial judge after imposing sentence further provides that the execution of the sentence shall be suspended, such provision shall not have the effect of placing the defendant on probation as provided in this article."

We disagree with appellant's contention. "[OCGA § 42-8-35] sets forth the *conditions of probation* and gives the [trial] court the authority to determine the terms and conditions thereof. Here we are not concerned with a *probated sentence,* but one which has been *suspended* on certain conditions. As previously noted, [OCGA § 42-8-39] specifically provides that suspended sentences *shall not have the effect* of placing the defendant on probation. The only real distinction between a probated sentence and a suspended sentence is that a probated sentence is served under the supervision of the probation of-

ficers pursuant to the 'Statewide Probation Act' [cit.], whereas a suspended sentence is served without such supervision, but on such legal terms and conditions as are required by the sentencing judge." *Collett v. State*, 131 Ga. App. 411 (2) (206 SE2d 70) (1974), rev'd on other grounds, 232 Ga. 668 (208 SE2d 472) (1974). Trial courts have the power to suspend a driver's license as a condition of a probated or suspended sentence for misdemeanor traffic offense convictions. OCGA § 17-10-3 (e) (4); *Brock v. State*, 165 Ga. App. 150 (299 SE2d 71) (1983). " 'On the face of the record the sentence as originally imposed reveals no irregularity. It expressly shows that *it is suspended*, which, under present law, does not place the offender under the requirements of the probation law.' " *Collett*, supra at 413. The imposition of the "special condition" about which appellant complains has no adverse effect on appellant. "If the further provision of the sentence that appellant's driver's license be suspended [and that appellant not drive] for this time be error, we do not perceive how it is harmful to appellant since he is prohibited in any event from driving for [120 days]. The suspension of the driver's license is the means employed to enforce this condition, and the court must of necessity have the power to enforce it if it had the power to make it. We fail to perceive any reversible error as enumerated." *Falkenhainer v. State*, 122 Ga. App. 478, 480 (177 SE2d 380) (1970).

2. During closing argument, the prosecuting attorney argued to the jury that if appellant had not been violating the law by speeding or weaving across the road, the arresting officer would have had no reason to pull appellant over, and that the officer was "just doing his job" when he stopped appellant. Appellant contends that the remarks were improper argument.

Appellant's objection at trial to the first remark was that "it was an improper statement of law." On appeal he takes the position that it was an "improper comment." " 'If counsel desires to preserve an objection upon a specific point, the objection must be on that specific ground. . . . [Otherwise,] this court will not consider it. [Cit.]' " *Cain v. State*, 178 Ga. App. 247 (3) (342 SE2d 742) (1986). As for the "doing his job" remark, our review of the record shows that appellant did not object to that statement when it was made. The prosecuting attorney made the remark and then went on to discuss the reasons for having a jury decide the case, the reason for DUI laws, and commercials about drinking and driving before appellant voiced an objection that apparently was directed to the reference to commercials. It is necessary to object to an alleged irregularity in an attorney's closing argument at the time it is actually made, and failure to do so amounts to a waiver of any objection that might have been raised. *August v. State*, 180 Ga. App. 510 (2) (349 SE2d 532) (1986). Since appellant failed to make a timely objection, we can take no action as to his

enumeration. Id.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED APRIL 3, 1989.

Jones, King & King, David H. Jones, for appellant.

James L. Webb, Solicitor, Richard Edwards, Assistant Solicitor, for appellee.