A89A0720. MARKS v. THE STATE.
(383 SE2d 626)

BENHAM, Judge.

Hoyt Marks was convicted of one count of aggravated sodomy and one count of rape. He appeals, contesting the sufficiency of the evidence and the disallowance of evidence as to the victim's prior sexual conduct.

1. Appellant contends that the evidence was insufficient to convict him of aggravated sodomy and rape. The State's evidence showed that appellant gained access to the victim's home to use the telephone, then forced her at knife point to commit oral sodomy and to submit to sexual intercourse. At trial, appellant admitted that the sexual conduct took place but denied that the victim was forced to engage in those acts.

On appeal the evidence must be viewed in a light most favorable to the prosecution. *August v. State*, 180 Ga. App. 510 (1) (349 SE2d 532) (1986). Matters of credibility are within the province of the jury (*Oliver v. State*, 188 Ga. App. 47 (2) (372 SE2d 256) (1988)), which in the case sub judice decided such matters in a manner adverse to appellant.

OCGA § 16-6-1 defines rape as "carnal knowledge of a female forcibly and against her will"; and OCGA § 16-6-2 (a) defines sodomy as "any sexual act involving the sex organs of one person and the mouth or anus of another" and aggravated sodomy as "sodomy with force and against the will of the other person." Under the facts presented, the jury was authorized to find appellant guilty beyond a reasonable doubt of rape and aggravated sodomy. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Nichols v. State*, 177 Ga. App. 689 (340 SE2d 654) (1986).

2. Appellant contends the trial court erred in disallowing evidence of the victim's prior sexual conduct. Under OCGA § 24-2-3 (b), known as the "Rape Shield Statute," the trial court may allow evidence of the victim's prior sexual conduct if it "finds that the evidence expected to be introduced supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution." Even though the trial court allowed appellant to testify that he had had prior sexual intercourse with the complaining witness, it disallowed testimony from appellant that he had overheard conversations by the victim's family members that she "ran around." We find the trial court's ruling to be in keeping with the purposes of the Rape Shield

Statute and authorized by the testimony. *Harris v. State*, 257 Ga. 666 (362 SE2d 211) (1987); *Lockhart v. State*, 172 Ga. App. 170 (4) (322 SE2d 503) (1984). Therefore, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1989.

*James R. McKay*, for appellant.

*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.