### A89A1216. JONES v. THE STATE.
(389 SE2d 402)

POPE, Judge.

Defendant Jones was convicted of armed robbery. The evidence at trial showed that two men entered the Waffle House on Wrightsboro Road in Augusta about 4:00 a.m. on February 17, 1988. They ordered two cups of coffee and split a danish roll between them. As they prepared to leave, they asked for two coffees to go. When the waitress returned to the counter with the coffee, the taller of the two men pulled a gun and demanded the money from the register. The other man just stood there. When the taller man got the money, the two men ran from the restaurant. The defendant's fingerprints were found on the cups and saucers used by the robbers at the restaurant. However, the waitress was not able to identify the defendant positively as one of the men in the restaurant. The defendant presented an alibi that he was at home asleep on the night the crime was allegedly committed. *Held*:

The defendant argues that reversal is required because the trial court failed to charge the principle set out in OCGA § 24-4-6 that in a case based upon circumstantial evidence, the State must prove not only facts that are consistent with a hypothesis of guilt, but shall exclude every other reasonable hypothesis except the guilt of the defendant. Obviously, the case before us is based upon circumstantial evidence — the fingerprints found on the dishes. "To warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time the crime was committed. These cases require the state to prove to the exclusion of every other reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed." (Citations and punctuation omitted.) *Harper v. State*, 171 Ga. App. 63

(318 SE2d 502) (1984).

"In the trial of criminal cases, where the guilt of the accused is dependent wholly upon circumstantial evidence, it is the duty of the court, without any request, to charge the law of circumstantial evidence, and the failure to do so requires the grant of a new trial. [Cits.]" *Daniel v. State*, 59 Ga. App. 454 (1) (1 SE2d 229) (1939). See also *Cook v. State*, 185 Ga. App. 585 (1) (364 SE2d 912) (1988).

"[E]ven in a case which is wholly dependent on circumstantial evidence, if from the proven facts only one reasonable hypothesis exists, i.e., that the defendant is guilty, then the trial court's failure to give . . . a jury charge [on OCGA § 24-4-6] does not constitute reversible error. [Cits.] . . . An hypothesis which is at best merely possible cannot be equated to a reasonable hypothesis." *Stoker v. State*, 177 Ga. App. 94, 96 (338 SE2d 525) (1985).

The facts in the present case fit within the exception to the rule set out in *Stoker*, supra. The waitress who served the robbers testified that the dishes from which the robbers ate and from which the fingerprints were taken had been washed before she used them to serve the robbers. Dr. Fowler, a forensic serologist, testified that washing would definitely remove fingerprints from the dishes. The evidence shows that no one else touched the dishes until police took custody of them. The conclusion is inescapable that the defendant's prints were left on the dishes at the time of the robbery and he has offered no alternative explanation for the existence of this evidence that is consistent with his claim of innocence. Cf. *Jackson v. State*, 158 Ga. App. 530 (2) (281 SE2d 252) (1981). Therefore, the trial court's failure to charge on OCGA § 24-4-6 was not reversible error.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 5, 1989.

*Bell & Bell, David B. Bell*, for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney*, for appellee.