A90A0365. BOWERS v. THE STATE.
(394 SE2d 141)

McMURRAY, Presiding Judge.

Defendant Bowers appeals his conviction of the offense of possession of a controlled substance with intent to distribute. *Held*:

1. The attention of a patrolling police officer was directed by the outcry of a private citizen to two individuals standing together beside a building. After the officer illuminated the area with the spotlight on his patrol car, the two individuals separated and started to walk away until ordered to stop. Subsequently, the officer observed one of the individuals, defendant Bowers, drop four small plastic bags containing crack cocaine to the ground.

"On appeal the evidence must be viewed in a light most favorable to the prosecution. *August v. State*, 180 Ga. App. 510 (1) (349 SE2d 532) (1986)." *Marks v. State*, 192 Ga. App. 64 (1) (383 SE2d 626). While mere possession of a controlled substance without more will not serve as the basis for a conviction of possession of a controlled substance with intent to distribute, the evidence of the controlled substance in this case being packaged in a manner commonly associated with the sale or distribution of such contraband would authorize any rational trier of fact to infer that defendant possessed crack cocaine, a controlled substance, with intent to distribute. See *Wright v. State*, 154 Ga. App. 400, 401 (1), 402 (268 SE2d 378). The evidence was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The arresting officer testified that he picked up the bags of contraband from where they had been dropped by defendant and placed them in a brown property envelope which he marked with the case number, defendant's name, a list of the contents, and the officer's name and payroll number. The arresting officer delivered the envelope to the police property room. Another police officer received the envelope from the property room, transported it to the State crime laboratory, and gave it to the chemist who conducted the identification test on the substance therein.

Defendant contends that the State has failed to establish the chain of custody due to a combination of three factors, the failure to provide receipts at the delivery of the property to the crime labora-

tory, the lack of evidence concerning security of the police property room and a discrepancy in the testimony as to the case number. However, the State has demonstrated with reasonable certainty that the cocaine introduced into evidence was the substance in the plastic bags dropped by defendant and after considering each of defendant's contentions we find nothing which raises a suspicion of tampering. It was proper to admit the evidence and let what doubt remains go to its weight. *Mutcherson v. State*, 179 Ga. App. 114 (345 SE2d 661); *Shrader v. State*, 159 Ga. App. 522, 524 (2) (284 SE2d 37).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 4, 1990.

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney*, for appellee.