A90A2007. IN THE INTEREST OF N. R., a child.
(402 SE2d 120)

COOPER, Judge.

The defendant juvenile was indicted for theft by taking an automobile and adjudicated delinquent in a bench trial in the Juvenile Court of Clarke County.

Under the facts as stipulated in lieu of a transcript pursuant to OCGA § 5-6-41 (i), the car was stolen from the parking lot of the victim's apartment complex between 11:00 p.m., when she returned home, and 7:45 a.m. the next morning when she noticed it was gone. She immediately notified the police, who found the automobile between 8:00 a.m. and 12:00 noon the same day. The car was dusted for fingerprints and three were taken from the inside of the driver's window near the lower edge. An expert from the State Crime Lab testified that the fingerprints matched those of the defendant's right middle, right ring and right little fingers. The State rested and the defense moved for a directed verdict of acquittal on the ground that the circumstantial evidence was insufficient as a matter of law to exclude every other reasonable hypothesis except the guilt of the accused. The motion was overruled and, after the defense presented no evidence, the court found that the evidence showed beyond a reasonable doubt that the accused had committed the act as alleged.

The defendant contends on appeal that the judgment of delinquency cannot stand because the State did not meet its burden of excluding reasonable explanations of its evidence that were inconsistent with guilt, and the evidence was insufficient to establish guilt beyond a reasonable doubt under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We do not agree. " 'To warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time when the crime was

committed. (Cits.) These cases require the [S]tate to prove to the exclusion of every reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed. (Cits.)' [Cit.] There was no evidence of any other explanation of how defendant's fingerprints came to be on the [car window] other than that they were put there during the course of the [theft]. 'Questions as to reasonableness are generally to be decided by the [trier of fact who] heard the evidence and where the [trier of fact] is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law.' [Cit.]" (Indention omitted.) *Jackson v. State*, 158 Ga. App. 530, 531-532 (2) (281 SE2d 252) (1981).

The defendant and the victim were strangers to each other prior to the theft of the victim's automobile, and the defense offered no evidence to explain how appellant's fingerprints could have otherwise appeared on the inside of the stolen car. Therefore, "[t]he conclusion is inescapable that the defendant's prints were left on the [inside of the window] at the time of the [theft] and he has offered no alternative explanation for the existence of this evidence that is consistent with his claim of innocence. [Cit.]" *Jones v. State*, 193 Ga. App. 837, 838 (389 SE2d 402) (1989). Accord *Glover v. State*, 175 Ga. App. 285 (333 SE2d 165) (1985); *Mercer v. State*, 169 Ga. App. 723 (1) (314 SE2d 729) (1984). The evidence was sufficient to satisfy the standard of proof required in *Jackson v. Virginia*, supra.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*Russell C. Gabriel, Megan C. De Vorsey*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.