## A93A0508. WILLIAMS v. THE STATE.
(431 SE2d 130)

McMurray, Presiding Judge.

Defendant was tried before a jury and found guilty of violating Georgia's Controlled Substances Act, possession of cocaine with intent to distribute. Defendant was sentenced to life in prison pursuant to OCGA § 16-13-30 (d). This appeal followed. *Held*:

1. Defendant challenges the sufficiency of the evidence.

"'On appeal the evidence must be viewed in a light most favorable to the prosecution. *August v. State*, 180 Ga. App. 510 (1) (349 SE2d 532) (1986).' *Marks v. State*, 192 Ga. App. 64 (1) (383 SE2d 626)." *Bowers v. State*, 195 Ga. App. 522 (1) (394 SE2d 141). In the case sub judice, Deputy Tony Gillette of the Camden County Sheriff's Department testified that at about 6:45 on October 4, 1990, he apprehended defendant after a foot-chase from an area where drug-related arrests were common. Deputy Gillette testified that defendant dropped "a pill bottle and [two] match boxes . . ." containing 42 small pieces and one large piece of a substance which appeared to be "crack cocaine." James W. Campbell, Jr., a forensic chemist for Georgia's Crime Laboratory in Savannah, Georgia, testified that the substances dropped by defendant during the chase weighed seven grams and contained cocaine. Deputy Rob Mastroianni of the Camden County Sheriff's Department estimated the street value of the cocaine dropped by defendant to be between $800 and $1,000. Defendant admitted on cross-examination that he was carrying about $280 in cash at the time of his arrest and that he was then unemployed. This evidence was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of possession of cocaine with intent to distribute in violation of Georgia's Controlled Substances Act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Bowers v. State*, 195 Ga. App. 522 (1), supra.

2. Defendant contends "[t]he trial court erred in allowing the State to re-open evidence to allow Officer Gillette to re-testify."

During deliberation, the jury asked "to review the transcript dealing with the retrieving of the package thrown by [defendant]." The trial court informed counsel that he was "going to allow Mr. Gillette to re-testify." Defense counsel objected "on the grounds that this would overemphasize Officer Gillette's testimony." The State's

attorney then suggested "either . . . reopening and recalling Mr. Gillette or having the previous testimony replayed." The following then transpired: "THE COURT: Which do you desire, Mr. Urquhart? [DEFENSE COUNSEL]: Neither, Your Honor, on the grounds that either way, the testimony either on the tape or new testimony from Officer Gillette, would overemphasize his testimony over that of other witnesses. THE COURT: Well I've made the decision to let Mr. Gillette re-testify, to re-open and let him testify, and to give you an opportunity to cross-examine, to give you a better chance than just playing the transcript to cross-examine him."

"It has been recognized for more than a hundred years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations. *Byrd v. State*, 237 Ga. 781, 782 (229 SE2d 631)." *Evans v. State*, 148 Ga. App. 422, 423 (3) (251 SE2d 325). Further, " '[i]t is well-established that the matter of re-opening the evidence is within the sound discretion of the trial court. (Cit.)' *Castell v. State*, 250 Ga. 776, 791 (301 SE2d 234) (1983). [The Georgia Supreme Court has] held that, even after jury deliberations have begun, the trial court, in the sound exercise of discretion, may reopen the evidence and allow the admission of new evidence. *State v. Roberts*, 247 Ga. 456 (277 SE2d 644) (1981)." *Childs v. State*, 257 Ga. 243, 253 (18), 255 (357 SE2d 48). The circumstances of the case sub judice do not reveal an abuse of the trial court's discretion in re-opening the evidence and allowing Deputy Gillette to testify. This enumeration is without merit.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 9, 1993.

*Clyde M. Urquhart*, for appellant.
*W. Glenn Thomas, Jr.*, District Attorney, *C. Keith Higgins*, Assistant District Attorney, for appellee.