## A94A0649. WYATT v. THE STATE.

(444 SE2d 397)

Pope, Chief Judge.

Defendant, a 17-year-old male, had sexual intercourse with an 11-year-old female and was convicted of statutory rape. Following the denial of his motion for a new trial, he appealed his conviction.

1. Defendant first argues that the trial court erred in instructing the jurors at the beginning of the trial that they should pay close attention because they would not be able to ask during post-trial deliberations what a witness did or did not say. Citing *Williams v. State*, 208 Ga. App. 460 (2) (431 SE2d 130) (1993), defendant asserts the court's instruction was an incorrect statement of the law, which does allow the trial court, in its discretion, " 'to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations. [Cit.]' [Cit.]" Id. at 461. Defendant did not object to the challenged instruction when it was given, however. Although he reserved his objections after the trial court's final charge to the jury, such a reservation of rights applies only to the final charge and does not relieve defendant of the obligation to object to instructions given by the court during the course of the trial. See *Hambrick v. State*, 204 Ga. App. 668 (1) (420 SE2d 308) (1992). Accordingly, defendant's first claim of error was not properly preserved for review.[1]

2. Defendant also contends the trial court erred in allowing Officer Kim Tesalona (the investigating officer) to testify, over defendant's hearsay objection, that the victim's mother told Tesalona that defendant had threatened the victim. Before Tesalona's testimony was elicited, the victim testified that defendant threatened her, and the victim's mother testified that the victim said defendant threatened her. Officer Tesalona did not mention the threat in her direct testimony. In cross-examining Tesalona, however, defendant focused on the fact that the victim had not told Tesalona about the threat during the investigation, thereby putting into issue the question of whether the story about the threat was recently fabricated. Thus, when the State elicited on redirect that even though the victim had not told Tesalona about the threat, the victim's mother did tell her about it a few days after Tesalona had taken over the case, Tesalona's testimony regarding the mother's statement was not inadmissible hearsay because it was not offered to show the truth of the

---

[1] Although defendant failed to preserve this claim of error, we note that the use of an instruction which precludes any jury request to rehear evidence during deliberations cuts off the trial court's ability to exercise its discretion based on the circumstances of the case; and we have previously taken a dim view of rigid judicial policies which unnecessarily restrict or eliminate the court's discretion. See *Cottingham v. State*, 206 Ga. App. 197 (424 SE2d 794) (1992).

statement. Instead, it was offered to show that the statement was made and that it was made early in the course of the investigation, and thus that the story about the threat had not been recently fabricated. See *Walker v. State*, 184 Ga. App. 558 (3) (362 SE2d 135) (1987). It follows that the trial court did not err in allowing the testimony.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 26, 1994.

*Nancy K. Peterson*, for appellant.

*J. Tom Morgan*, District Attorney, *Barbara B. Conroy, Robert W. Houman, Jeffrey H. Brickman, Robert E. Statham III*, Assistant District Attorneys, for appellee.