### 75024. WALKER v. THE STATE.
(362 SE2d 135)

BENHAM, Judge.

This appeal is from appellant's conviction for possession of cocaine and diazepam based on evidence seized in a search of appellant's residence.

1. Appellant's first enumeration of error is directed to two instances in which the trial court denied motions for mistrial. The first motion came when a prosecution witness being questioned about the search of appellant's residence stated that the warrant was procured after a "controlled buy" had been made. Appellant sought a mistrial

on the ground that his character had been put in issue by evidence of uncharged misconduct. Considering the fact that appellant was not mentioned by name and that he declined the trial court's offer of curative instructions, we find no abuse of the trial court's broad discretion in the area of motions for mistrial. *Griggs v. State*, 181 Ga. App. 618 (2) (353 SE2d 97) (1987).

The second motion was prompted by the prosecuting attorney's remark during closing argument that appellant was engaged in selling drugs. Given that " 'each side is permitted to make any argument which is reasonably suggested by the evidence. . . .' [Cits.]" (*Wilson v. State*, 181 Ga. App. 435 (3) (352 SE2d 618) (1987)), and that there was evidence concerning drug trafficking paraphernalia found during the search of appellant's residence, there was no error in denying the motion for mistrial. *Id.*

2. The search of appellant's residence was made pursuant to a warrant. In his second enumeration of error, appellant contends that the description in the warrant was insufficient. We disagree.

The evidence at the hearing on the motion to suppress established that the circumstances of the search in this case were closely analogous to those in *Chambless v. State*, 165 Ga. App. 194 (1) (300 SE2d 210) (1983). Here, as there, any inaccuracies in the street address were made up for by the thoroughness of the rest of the description. "The importance of exactitude of street address, it may be said, varies inversely with the thoroughness of the description." Id. The testimony of the officer who procured the warrant and executed it established that when the directions on the warrant were followed, the description was adequate to lead any officer executing the warrant to appellant's residence. Appellant relies heavily on the difficulty the officer had at trial in distinguishing between photographs of two mobile homes, one being appellant's and the other being located nearby. However, the difficulty evaporated when the officer realized that the photos had been taken from the rear of the homes, which hid the distinguishing feature of shutters on appellant's residence which was not present on the front of the other residence. The shutters were used on the warrant as an item in the description. We find no error in the denial of appellant's motion to suppress.

3. Appellant's final enumeration of error is directed at the trial court's admission into evidence of a receipt from a rental company showing appellant's name as the customer. The receipt was part of an exhibit consisting of drug paraphernalia found in a shoe box in a bedroom during the search of appellant's residence. The objection made at trial was that the receipt was hearsay and was not authenticated.

On appeal, appellant argues the authentication issue by reference to OCGA § 24-7-1. Since that section applies only where the contents of a missing document are in issue (*Springer v. State*, 238 Ga. 81 (1)

(230 SE2d 883) (1976)), it is inapplicable here. The contents of the document were not in question, and it was not missing. Appellant has not shown any necessity that the document be authenticated in any fashion, and we perceive none.

The hearsay argument is equally unavailing and for essentially the same reason: the rule is inapplicable. The receipt was not offered as proof of what was asserted therein, that appellant had rented something, but as evidence that a piece of paper with appellant's name on it was included in the same container with items of drug paraphernalia. " 'As a fundamental rule, the definition of hearsay does not include out-of-court statements which are not offered as proof of the facts asserted in such statement, but are offered merely as proof that such a statement was made. Assuming that the proof is limited to merely showing that the statement was made and not as evidence of the truth of the fact asserted in the statement, the statement is admissible as original evidence and does not concern the hearsay rule.' [Cits.]" *A Child's World v. Lane*, 171 Ga. App. 438 (2) (319 SE2d 898) (1984).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED OCTOBER 16, 1987.

*W. Ralph Hill, Jr., Clifton M. Patty, Jr., Ralph L. Van Pelt, Jr.,* for appellant.

*David L. Lomenick, Jr., District Attorney, David J. Dunn, Assistant District Attorney,* for appellee.