A93A0843. BROOM et al. v. THE STATE.
(432 SE2d 823)

BLACKBURN, Judge.

The appellants, Mary Broom, Kevin Broom, and Paul Smith, were indicted for possession of marijuana with intent to distribute, obstruction, and possession of a firearm during the commission of a felony. In an omnibus discovery motion, the defendants requested any exculpatory information pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

Following a hearing on that motion, the trial court agreed to conduct an in camera examination of the prosecutor's file if requested (although the prosecutor maintained an open file policy), but denied the motion as to such an inspection of the investigating police officer's file, on the grounds that *Brady* does not extend to police files which are not in the possession of the prosecutor. This court then granted the defendants' application for interlocutory appeal.

At the hearing on the discovery motion, the arresting officer testified that on January 4, 1992, a confidential reliable informant reported that the defendants would be transporting drugs into the county that day along a certain route, with one vehicle being used to transport the contraband and a second vehicle following behind as a guard vehicle. Police officers staked out the route, and followed the defendants' vehicles when they appeared as predicted by the informant. The defendants stopped at a residence for approximately 15 min-

utes and then drove away. Subsequently, the police officers stopped the two vehicles driven by the defendants, and found 4.7 ounces of marijuana in the lead vehicle. Afterwards, the police returned to and secured the residence where the defendants stopped briefly, so that the residence could be searched.

During the hearing, defense counsel attempted to discover the identity of the confidential reliable informant. When the trial court disallowed that inquiry because the informant had served only as a tipster, defense counsel then sought access to the police file regarding the subsequent search of the residence where the defendants had stopped prior to their arrest, despite the fact that none of the charges against the defendants stemmed from that search. The reason behind the request was defense counsel's suspicion that the police files might reveal the identity of the confidential informant.

"There is no Georgia statute or rule of practice which allows discovery in criminal cases . . . , nor is the accused entitled as a matter of right to receive copies of police reports and investigation reports made in the course of preparing the case against a defendant. [Cit.] . . . [T]here is 'no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.' " *Lundy v. State*, 139 Ga. App. 536, 538 (228 SE2d 717) (1976) (quoting from *Moore v. Illinois*, 408 U. S. 786, 795 (92 SC 2562, 33 LE2d 706) (1972)). See also *Massengale v. State*, 189 Ga. App. 877, 881 (4) (377 SE2d 882) (1989).

In the instant case, the portion of the police file sought by the defendants only tangentially related to the charges brought against them. This discovery request was actually a thinly-disguised attempt to uncover the identity of the confidential reliable informant. It was uncontroverted that the informant was a mere tipster, and for that reason the informant's identity "could not be material to the guilt or innocence of the defendant[s] under Brady . . ." and thus remained privileged. *Thornton v. State*, 238 Ga. 160, 165 (231 SE2d 729) (1977). Accordingly, the trial court correctly denied the defendants' discovery request pertaining to the police file in this case.

*Judgment affirmed. Smith, J., concurs. Johnson, J., concurs in the judgment only.*

DECIDED JUNE 11, 1993.

*William O. Cox, John C. Watts, Sr., John C. Watts, Jr.*, for appellants.

*Spencer Lawton, Jr., District Attorney, David E. Langford, As-*

*sistant District Attorney*, for appellee.