## A95A0116. TROTTER v. THE STATE.
### (455 SE2d 121)

BLACKBURN, Judge.

Following a trial by jury on one count of aggravated assault and a second count of felony obstruction, the appellant, Alvin E. Trotter, was found guilty of misdemeanor obstruction, a lesser included offense of the latter count. Trotter was sentenced to confinement for twelve months, and, upon the service of six months, the remainder of his sentence was to be served on probation. The trial court denied his motion for new trial, and he now appeals.

On September 27, 1992, Trotter and Marilyn Esteves were drinking beer at an Atlanta bar known as Connie's Corner. While there, Trotter entered into a conversation with Ricky Brown, another bar patron, during which he asked if Brown was interested in buying beer from him, indicating that he had the beer in his car. Brown expressed interest but needed change to make the purchase. As a result, Brown asked that everyone meet him in the parking lot of his apartment complex next door. There an argument and fight ensued between Trotter and Brown. Esteves testified that the fight had occurred because Brown wanted "more" than beer and Trotter refused to provide it.

Trotter and Esteves left the parking lot after Trotter was asked to leave by the apartment complex's security officer, Priscilla Stewart, an off-duty police officer, and Rick Turner, another off-duty police officer then visiting Stewart. Trotter returned to the apartment complex minutes later to confirm that Stewart and Turner were police officers but was successful in talking only with Turner. As Turner was showing Trotter his identification, Turner noticed a bulge under the waistband of Trotter's trousers. Turner reached for what he thought

was a weapon on Trotter's person, and, as he did so, Trotter ran to the cover of the adjacent apartment buildings with Turner in pursuit. Turner testified that when he next saw Trotter, Trotter held a gun and pointed it at him. Fearing for his safety, Turner fired at Trotter four times, ceasing fire when he noticed that Esteves was exiting Trotter's vehicle as Trotter managed to get in and drive off. Later that evening, Officer Dennis Wilson arrested Trotter at the home of Trotter's sister. Trotter directed Wilson to a handgun in the glove compartment of his car.

At trial, the State called Wilson as its first witness in rebuttal. After Wilson testified that Turner had briefed him as to what had occurred earlier in the evening, the State asked what he had been told. In response, Wilson stated that "he advised me that he was off-duty and in the apartment complex when he was approached by Mr. Trotter, I believe as I recall Mr. Trotter attempted to buy or sell drugs to Mr. Turner." Thereafter, the trial court overruled the defense counsel's objection to Wilson's testimony based on the ground that Wilson had improperly put Trotter's character in issue. The trial court denied the motion and ordered defense counsel to proceed.

1. Trotter enumerates that the trial court erred by denying his motion for mistrial in that Wilson's testimony, as above, improperly placed his character in issue. In particular, Trotter argues that Wilson's testimony was inadmissible as hearsay and because he had not first opened the door to its introduction. We disagree.

Initially, we conclude that Wilson's testimony was not inadmissible as hearsay. "Testimony is considered hearsay only if the witness is testifying to another party's statement in order to prove or demonstrate the truth of the statement. Otherwise it is a verbal act and thus original evidence rather than hearsay." (Citations and punctuation omitted.) *Thurman v. State*, 207 Ga. App. 96, 99 (427 SE2d 69) (1993). In the instant circumstances, Wilson was asked what Turner told him occurred earlier in the evening. Wilson did no more than recount his recollection of the briefing he received from Turner in response. Trotter did not pursue the issue on cross-examination and cannot now complain of an apparent inability to show that the answer was not honest.

We likewise are unpersuaded that Wilson's testimony wrongly placed Trotter's character in issue. In this regard, Esteves repeatedly testified that Trotter did not "deal" more than beer, in effect, indicating that Trotter neither had nor desired any involvement with drugs. "Evidence regarding the character of a defendant is generally inadmissible *unless* the defendant puts his character in issue." (Emphasis supplied.) *Henderson v. State*, 204 Ga. App. 884, 886 (420 SE2d 813) (1992). In view of defense witness Esteves's testimony concerning the defendant's not dealing in drugs, Wilson's recitation of what he had

been told does not improperly place defendant's character in issue under the facts of this case.

In light of the foregoing, we deem this enumeration of error to be without merit.

2. Trotter further enumerates that the trial court erred by refusing to conduct an in-camera inspection of Turner's internal affairs and personnel police files.

Prior to the enactment of the Criminal Procedure Discovery Act, OCGA § 17-16-1 et seq., effective January 1, 1995, and not herein applicable, "[t]here [was] no Georgia statute or rule of practice which allow[ed] discovery in criminal cases, nor is the accused entitled as matter of right to receive copies of police reports and investigation reports made in the course of preparing the case against the defendant. There is no constitutional requirement that the prosecution make a completed detailed accounting to the defense of all police investigatory work on a case." (Citations and punctuation omitted.) *Broom v. State*, 209 Ga. App. 42, 43 (432 SE2d 823) (1993).

In the instant case, Trotter asserted only that the police file he subpoenaed was relevant and necessary "to show that this officer has been involved in similar incidents of shooting at unarmed suspects, to show whether this officer has a tendency to pull his weapon without cause, and to show whether this officer was following his training when he shot at a car which had a civilian as a passenger who had nothing to do with the incident." However, he made no showing of relevance or materiality in support of his request for the subpoenaed file or the in-camera inspection. Turner was cleared of any wrongdoing in the incident by the police internal affairs investigation conducted as a result of it, and, on appeal, Trotter does not enumerate that the trial court erred by granting the Atlanta police department's motion to quash the subject subpoena. As a consequence, the trial court properly refused to conduct the in-camera inspection as neither relevant nor material.

3. In his last enumeration of error, Trotter contends that the trial court erred by refusing to give Defense Request to Charge No. 35.

Defense Request to Charge No. 35 provided that "[j]uries perform their duties to society as truly in the vindication and acquittal of one who is innocent as in the conviction of one who is guilty." The trial court otherwise instructed the jury regarding its duty to acquit upon a reasonable doubt as to Trotter's guilt. While the charge given was not given in the exact language Trotter requested, Trotter's request was presented to the jury in substance.

"It is not necessary that the jury be given the exact language requested where the same principles fairly are given to the jury in the general charge. [Cits.]" *Pratt v. State*, 180 Ga. App. 389, 391 (348

SE2d 922) (1986). Moreover, a requested charge need not be given unless it correctly and fully articulates a governing principle of law not otherwise included in the general instructions of the court. Id. The trial court's jury charge as to acquittal was here proper. Accordingly, we find this enumeration of error to be without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 10, 1995.

*Sarina J. Woods,* for appellant.
*Lewis R. Slaton, District Attorney, Penny A. Penn, Leonora Grant, Assistant District Attorneys,* for appellee.