### A97A1076. WRIGHT v. THE STATE.
(487 SE2d 405)

Judge Harold R. Banke.

Derrick Arthur Wright was convicted of armed robbery and possession of a firearm during the commission of a felony. He enumerates six errors on appeal.

This case arose after Wright and a shorter man approached the victim, a detective working undercover as a drug buyer. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). Moments before, the shorter man flagged down the victim, who had driven slowly through the area as though he was looking for someone. When the shorter man approached the driver's side and asked the victim what he was looking for, the victim responded, "A twenty," meaning a $20 piece of crack cocaine. The man then walked over to Wright, who was standing nearby.

The victim became suspicious and pulled out his gun as he watched Wright, who faced away from him, retrieve an object from the front of his pants. Suddenly, the men converged on the victim. The shorter man attempted to enter on the passenger side while Wright simultaneously approached the driver's side, aimed a snub-nosed chrome .38 caliber pistol at the victim's head from a distance of less than two feet, and demanded money.

After the victim gave Wright the $20, Wright told him to move

on and started to walk away. At that point, using the truck for cover, the victim pointed his gun at Wright and shouted, "Police, don't move." When Wright ran, the victim alerted other nearby drug agents, who retrieved the gun, Wright's hat, undershirt, plaid shirt, and pager as they retraced his steps. The agents captured Wright, sweating, shirtless and out of breath, at a nearby house where the victim identified him. *Held*:

1. Wright contends that reversal is required because the trial court directed him to reserve comment on the State's failure to call all its witnesses. The fact that the court informed Wright that he could argue in closing that the factual allegations raised in opening were not borne out by the evidence undermines this contention. The absence of a transcript of closing argument precludes further review of this issue. *Kegler v. State*, 267 Ga. 147, 148 (3) (475 SE2d 593) (1996) (the complaining party bears the burden of compiling a complete record); *Gregg v. State*, 216 Ga. App. 135, 137 (453 SE2d 499) (1995) (for reversal both harm and error must be proved). Nor are we convinced that Wright properly raised this issue in the trial court. *McCluskey v. State*, 211 Ga. App. 205, 208 (3) (438 SE2d 679) (1993).

2. We reject Wright's contention that the admission of his booking photograph placed his character in issue. Contrary to Wright's argument, the sole purpose for admitting the photograph was to identify Wright, whose appearance had changed since the crime. *O'Toole v. State*, 258 Ga. 614, 615-616 (2) (373 SE2d 12) (1988). The record shows that the jury was told the photograph was taken the night of Wright's arrest. *Farmer v. State*, 180 Ga. App. 720, 721 (2) (350 SE2d 583) (1986). Thus, the photograph's admission did not suggest that Wright was guilty of any previous crime. *Blige v. State*, 208 Ga. App. 851, 853 (4) (432 SE2d 574) (1993).

3. We reject Wright's contention that the evidence of his identity was insufficient to support his conviction. At trial, the victim described Wright's attire, which included a baseball cap, a dark plaid flannel shirt, and dark sweat pants. Members of the victim's backup team, armed with this description, apprehended Wright minutes later, after following a trail which included the gun, the plaid shirt, and the baseball cap. At the time of Wright's arrest, the officers discovered him wearing the sweat pants, winded and sweating. The victim identified him at that time and at trial. Viewed in the light most favorable to the verdict, the evidence was sufficient for the jury to find that Wright was the perpetrator, notwithstanding his denial of that fact. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979).

4. The trial court did not err by admitting a number of photographs into evidence despite the State's failure to provide them to Wright ten days before trial as required by OCGA § 17-16-4 (a) (3).

The photographs depicted the crime scene and the path on which Wright fled.

OCGA § 17-16-2 (a) requires defendants to "[provide] written notice to the prosecuting attorney that such defendant elects to have this article apply to the defendant's case." This Wright did not do. Absent such notice, OCGA § 17-16-4 (a) (3) had no application to this case.[1]

5. The admission of testimony connecting Wright to a beeper found on the path near his other belongings was not error. Shortly after its discovery, the beeper went off and an officer called the number indicated on it. A woman answered, asking, "Who's this, Derrick?" Wright claims this statement, which was admitted into evidence, is hearsay.

Testimony is considered hearsay only if the witness is repeating another's statement in order to demonstrate its truth. *Trotter v. State*, 216 Ga. App. 612, 613 (1) (455 SE2d 121) (1995). " 'Otherwise it is a verbal act and thus original evidence rather than hearsay.' . . . [Cit.]" Id. Because the statement at issue was not offered for its truth, its admission was not error.

6. The trial court's denial of Wright's motion for mistrial does not require reversal. Wright premised the motion on the State's reference to the failure of his alibi in its closing argument. Because a transcript of the closing argument was not provided, there is nothing for us to review. *Kegler v. State*, 267 Ga. at 148 (3).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MAY 28, 1997 —
RECONSIDERATION DENIED JUNE 17, 1997 — 
 Before Judge Karpf.

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.

---

[1] As a practical matter, we note that the State had an open file and did not prevent pretrial access to the photographs.