## S01A0651. BROWN v. THE STATE.
(552 SE2d 812)

BENHAM, Justice.

This appeal is from James Eugene Brown's conviction for malice murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a felony, theft of services, and possession of a pistol by a person under the age of 18.[1] Evidence adduced at trial supported a finding of the following as facts. The body of cab driver Vickie Forrester was found on a dirt road. She had been shot once in the head and once in the neck, both bullets traveling from right to left. Forrester had not been heard from since she picked up a fare from the local hospital who asked to be taken to the street on which Brown lived. Passing Forrester's taxi on the road shortly after

---

[9] *Ashford v. State,* 271 Ga. 148, 149 (518 SE2d 420) (1999).

[1] The victim was killed on April 30, 1997, and Brown was arrested the same day. He was indicted on July 15, 1997, for malice murder, felony murder, armed robbery, hijacking a motor vehicle, aggravated assault, theft by taking a motor vehicle, possession of a firearm during the commission of a felony, theft of services, and possession of a pistol by a person under the age of 18. Convicted on all counts at a trial commenced October 20, 1997, and concluded on October 22, Brown was sentenced on October 31, 1997, to two consecutive life sentences on the malice murder and armed robbery counts, a consecutive sentence of twenty years on the hijacking count, a consecutive sentence of five years on the possession of a firearm during the commission of a felony count, and two twelve-month sentences for theft of services and possession of a pistol by a person under 18. The trial court deemed felony murder and aggravated assault merged with malice murder, and theft by taking a motor vehicle merged with armed robbery. Brown filed a motion for a new trial on November 20, 1997, and an amended motion for a new trial on August 10, 2000. An order denying his motions was issued on August 29, 2000, and he filed a notice of appeal on September 27, 2000. The appeal was docketed in this Court on January 24, 2001, and was submitted for decision on the briefs.

that dispatch, another cab driver saw Forrester driving and a young man riding as a passenger in the taxi's front seat. Brown, who was 16 years old at the time, had called for a taxi that morning from a hospital emergency room where he had been seen for chest pains. Police found Brown that afternoon in the missing taxi in a Henry County high school parking lot. In the vehicle with him were two handguns, one later determined to be the murder weapon, and the other identified as the gun Forrester carried with her while working. Brown was carrying ammunition for the murder weapon. In the trunk of the car were a prescription and emergency room instructions that were made out to J. Brown, and magnetic taxi signs that had been removed from the vehicle. In a statement after his arrest, Brown said that he had "smoked" the taxi driver because she pointed a gun at him as he was preparing to pay his fare. He pushed the driver out of the car afterward, he said, commenting that he would do anything to see his girlfriend, who was a student at the school where he was arrested. He wanted "a ride" and told police he had planned this for a while. Brown had only had telephone and correspondence contacts with the female student he called his girlfriend; they had not met in person due to his lack of transportation. At trial, the student and her sister testified that on the day before the murder, Brown phoned and told them he shot a woman, left her on a dirt road, and took her car in order to have transportation to meet the girl at school the next day. Brown's mother testified that Brown had threatened he would be doing "something really crazy" the week of the murder.

1. The evidence set forth above would authorize a finding that Brown, at age 16, summoned a taxi to the hospital with the intent to kill the driver and steal the taxi rather than merely to hire transportation, and that he carried out his plan, using the gun he had brought with him to kill the taxi driver and steal her gun and the taxi. The evidence was, therefore, sufficient to authorize a rational trier of fact to find Brown guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Corza v. State*, 273 Ga. 164 (1) (539 SE2d 149) (2000). Contrary to Brown's argument regarding the sufficiency of the evidence, "[t]he State was not required to present the testimony of an eyewitness to the homicide in order to prove beyond a reasonable doubt that the defendant murdered the victim. [Cits.]" *Turner v. State*, 273 Ga. 340 (1) (541 SE2d 641) (2001).

2. After a witness for the State testified regarding a telephone conversation she had with Brown after his arrest, Brown moved for a mistrial based on the State's failure to supply the defense with the witness's statement. Brown's motion relied primarily on the reciprocal discovery provisions of OCGA § 17-16-1 et seq., and the trial court denied the motion because Brown had not opted in to those reciprocal

discovery provisions.

Brown argues on appeal that he should be deemed to have opted in to the reciprocal discovery because the State's promise of an "open file" led trial counsel to believe he would not need to formally opt in. At trial, however, defense counsel told the trial court that he accepted the State's offer because it would be better than the reciprocal discovery process in that he would be permitted to view evidence the State would not be required to provide under the reciprocal discovery statute. Having chosen not to provide the written notice required by OCGA § 17-16-2 (a), Brown was not entitled to have the other provisions of the reciprocal discovery process applied to his case. *Wright v. State*, 226 Ga. App. 848 (4) (487 SE2d 405) (1997). The trial court did not err in ruling that Brown's failure to opt in to reciprocal discovery rendered inapplicable the sanctions provided for in OCGA § 17-16-6. *State v. Lucious*, 271 Ga. 361 (4) (518 SE2d 677) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*Ekonomou, Atkinson & Lambros, Michael G. Lambros*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Alan A. Cook, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

