A08A2013. WEEMS v. THE STATE.
(673 SE2d 50)

BERNES, Judge.

The jury convicted Rashaid Weems of trafficking in cocaine and possession of a firearm during the commission of a felony, and the trial court denied his motion for new trial. On appeal, Weems contends that the trial court erred by admitting evidence of previous drug sales; admitting a receipt with Weems's name on it that officers found in the residence they searched; and allowing testimony from an investigator that several individuals approached the residence being searched and asked for Weems by his alleged nickname. Weems further contends that the trial court erroneously believed that it lacked authority to suspend or probate his mandatory five-year sentence on the firearm conviction. For the reasons discussed below, we affirm.

Following a criminal conviction, we construe the evidence in the light most favorable to the jury verdict. *Jones v. State*, 289 Ga. App. 219 (656 SE2d 556) (2008). Construed in this manner, the evidence showed that on September 10, 2004, an investigator assigned to the narcotics unit of the City of Atlanta Police Department drove past a private residence located in Fulton County. Weems was standing in the front yard of the residence along with two other individuals. The investigator, who was in plain clothes and was driving an unmarked vehicle, turned his vehicle around and drove back to the residence.

Weems then approached the investigator's vehicle, offered "20 for 10,"[1] and held out his hand showing the investigator what appeared to be several hits of crack cocaine. The investigator declined the offer and drove off.

The investigator parked his vehicle a short distance away where he could still monitor the residence. According to the investigator, "a couple more vehicles" drove up to the residence, and Weems "approached those vehicles and appeared to make hand-to-hand transactions with the occupants of the vehicles."

Based on these observations, the investigator sought and obtained a search warrant for the residence. On September 17, 2004, the investigator along with other narcotics officers executed the search warrant. They approached the residence and noticed that the front door was ajar. The officers identified themselves and entered the residence but found no one inside. They subsequently seized a large amount of crack cocaine in the form of a "cookie" located on a kitchen shelf and a large amount of cash found in the front bedroom.

The investigator believed that because there was a large amount of drugs and cash in the residence and the door had been ajar, someone would return to the residence shortly. Consequently, the investigator had all marked patrol vehicles and the narcotics unit's raid van removed from around the residence. Approximately one minute later, a vehicle pulled up to the residence and Weems got out. Weems approached the residence and attempted to enter through the front door, but he was met by several narcotics officers. He attempted to flee but was quickly apprehended and arrested. Following his arrest, the officers searched Weems and found marijuana, a large amount of cash, and a key to the residence on his person.

The search of the residence continued, and the narcotics officers seized two handguns found in a recliner located near the front door. The officers also seized digital scales and more crack cocaine from one of the bedrooms. In the same bedroom, the officers located and seized a locksmith receipt dated August 28, 2004 for a key made for a vehicle. The receipt bore the address of the residence and had Weems's name on it.

While the narcotics officers were at the residence, several people approached the residence, sought to purchase drugs, and were arrested by the officers. According to the investigator, at least two of the persons asked for "Shad" or "Shod."

Based on the drugs and firearms seized from the residence, Weems was indicted and tried on charges of trafficking in cocaine

---

[1] The investigator later testified that based on his narcotics experience, an offer of "20 for 10" was an offer of $20 worth of crack cocaine for $10.

and possession of a firearm during the commission of a felony. The narcotics investigator testified at trial to the events as set out above. The state crime lab technician testified that a sample of the substance seized from the residence tested positive for cocaine, weighed 78.69 grams, and had a purity of 66.7 percent. Weems did not testify or present any evidence in his defense. After hearing the evidence, the jury convicted Weems of the charged offenses. The trial court subsequently sentenced Weems to twelve years to serve on the drug trafficking conviction and a consecutive term of five years to serve on the firearm conviction.

1. Viewed in the light most favorable to the verdict, the trial evidence was sufficient to allow a rational trier of fact to find Weems guilty beyond a reasonable doubt of trafficking in cocaine and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 16-11-106 (b) (5); 16-13-31 (a) (1); *Gibson v. State*, 223 Ga. App. 103 (1) (476 SE2d 863) (1996).

2. Weems argues that the trial court should have excluded the investigator's testimony concerning the alleged drug sales that occurred at the residence a week before the execution of the search warrant. According to Weems, the investigator's testimony was irrelevant and impermissibly placed his character into evidence because he was not charged with any crimes relating to those alleged previous drug sales. Weems further contends that the investigator's testimony should have been excluded because it was similar transaction evidence and the state did not comply with Uniform Superior Court Rule ("USCR") 31.3. We are unpersuaded.

"Evidence that is relevant and material to an issue in a case is not rendered inadmissible merely because it incidentally places the defendant's character in issue." (Citation and punctuation omitted.) *Evans v. State*, 288 Ga. App. 103, 108 (3) (a) (653 SE2d 520) (2007). Testimony concerning the previous drug sales was relevant and material to the drug trafficking and firearm charges to establish Weems's connection to the residence and to the large amount of cocaine seized from that location. See id. (testimony that defendant sold drugs was relevant to drug trafficking charge to establish that he was involved in drug dealing and possessed the drugs); *Forrester v. State*, 255 Ga. App. 456, 459 (2) (565 SE2d 825) (2002) (evidence did not impermissibly place character in issue when it was relevant to establish the defendant's connection with the house where the drug trafficking occurred). The trial court thus did not err in admitting the testimony despite the fact that it might have incidentally reflected on Weems's character.

Furthermore, the investigator's testimony concerning the previous drug sales was not similar transaction evidence, and so the

state was not required to comply with the procedural rules set forth in USCR 31.3. Rather, the testimony was evidence of the circumstances surrounding the issuance and execution of the search warrant leading to the seizure of the cocaine and firearms that formed the basis of the charges in this case. And, this evidence was relevant and material because, as discussed above, it connected Weems to the residence and the cocaine seized from there. Accordingly, the investigator's testimony was admissible as part of the res gestae and was not subject to USCR 31.3. See *Upshaw v. State*, 257 Ga. App. 199, 200-201 (3) (570 SE2d 640) (2002); *Hamilton v. State*, 210 Ga. App. 496, 499 (4) (436 SE2d 500) (1993); *Crowe v. State*, 193 Ga. App. 385 (388 SE2d 24) (1989).

3. Weems next contends that the trial court should have excluded the locksmith receipt seized from the bedroom of the residence because the receipt constituted inadmissible hearsay. We disagree.

> As a fundamental rule, the definition of hearsay does not include out-of-court statements which are not offered as proof of the facts asserted in such statement, but are offered merely as proof that such a statement was made. Assuming that the proof is limited to merely showing that the statement was made and not as evidence of the truth of the fact asserted in the statement, the statement is admissible as original evidence and does not concern the hearsay rule.

(Citation and punctuation omitted.) *Walker v. State*, 184 Ga. App. 558, 560 (3) (362 SE2d 135) (1987). Here, the receipt was not offered as proof of what was asserted therein — that Weems had a key made for a vehicle — but as evidence that a piece of paper with Weems's name on it was found in the same residence where the cocaine and firearms were located, thereby linking him circumstantially to the residence and the contraband. As such, the receipt was properly admitted as original evidence. See id. at 559-560 (3); *Clark v. State*, 185 Ga. App. 513, 514 (3) (364 SE2d 641) (1988).[2]

4. Weems also asserts that the trial court should have excluded the investigator's testimony that at least two persons approached the residence and asked for "Shad" or "Shod" following Weems's arrest. Weems maintains that the investigator's testimony regarding what the persons said was inadmissible hearsay, the introduction of which

---

[2] While Weems also contends that the admission of the receipt violated his Confrontation Clause rights under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), the Clause does not bar the admission of statements for purposes other than establishing the truth of the matter asserted. Id. at 59 (IV); *Tennessee v. Street*, 471 U. S. 409, 414 (II) (A) (105 SC 2078, 85 LE2d 425) (1985).

constituted reversible error because "Shad" or "Shod" was "obviously a nickname for [his] first name." Again, we disagree.

A similar evidentiary issue arose in the case of *Wright v. State*, 226 Ga. App. 848, 850 (5) (487 SE2d 405) (1997). In *Wright*, officers found a beeper on a path near the defendant's other belongings, and, subsequent to its discovery, the beeper went off and an officer called the number indicated. Id. A woman answered and asked, "Who's this, Derrick?" Id. The defendant's first name was Derrick. Id. at 848. On appeal, the defendant contended that the admission of testimony regarding the women's response to the call was error because it was hearsay. Id. at 850 (5). This Court disagreed, concluding that the woman's response was a verbal act introduced not for its truth but to connect the defendant to the beeper. Id.

The present case is controlled by *Wright*. As in that case, the statements regarding Weems's apparent nickname were verbal acts not introduced for their truth but rather to connect Weems to the residence and the cocaine seized from that location. The trial court therefore committed no error in allowing the investigator to testify about those statements.[3] See *Wright*, 226 Ga. App. at 850 (5).

5. Finally, Weems argues that his consecutive sentence of five years imprisonment on the firearm conviction should be vacated because the trial court erroneously believed that it had no authority to suspend or probate his sentence. We do not agree.

A defendant convicted for the first time of possession of a firearm during commission of a felony "shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the [defendant] has received." OCGA § 16-11-106 (b). Notably, the Supreme Court of Georgia has held that a trial court has discretion to suspend or probate all or part of the mandatory five-year sentence. See OCGA § 17-10-1 (a) (1); *Chaney v. State*, 281 Ga. 481, 482-483 (2) (640 SE2d 37) (2007). If the record affirmatively shows that the trial court believed that it lacked discretion to suspend or probate the defendant's sentence, the sentence must be vacated and the case remanded for resentencing. See *Minter v. State*, 245 Ga. App. 327, 330 (5) (537 SE2d 769) (2000).

Here, however, there is nothing in the record to show that the trial court erroneously failed to exercise its discretion to consider suspension or probation of Weems's sentence on the firearm conviction. "In the absence of any affirmative showing to the contrary, the trial court is presumed to have exercised its discretion in imposing [a defendant's] sentence." *Cox v. State*, 205 Ga. App. 375, 376 (2) (422

---

[3] Weems's argument that the admission of the statements violated the Confrontation Clause fails for the same reason articulated in footnote 2.

SE2d 68) (1992). Hence, we discern no error by the trial court in its sentencing of Weems. See id. at 375-376 (2); *Wallace v. State*, 216 Ga. App. 718, 720-721 (5) (455 SE2d 615) (1995).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JANUARY 26, 2009.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.