### A09A1572. THE STATE v. CARTER.
(681 SE2d 688)

ELLINGTON, Judge.
Pursuant to OCGA § 5-7-1 (4), the State appeals from the order of the Fulton County Superior Court suppressing marijuana and other drug evidence discovered in a hotel room that Dwayne Carter was visiting. The State contends that the trial court, having concluded that Carter was a "mere invitee" in the hotel room, erred in suppressing evidence found in the room because a casual visitor to the hotel room of another has no standing to contest the search of the premises. We agree. Consequently, we must reverse.

When reviewing a trial court's order on a motion to suppress where the facts are undisputed and there is no question regarding the credibility of witnesses, we apply a de novo standard of review to the trial court's application of the law to the facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). Although the facts of this case were hotly disputed below, the State does not dispute the trial court's factual findings for purposes of this appeal. The State argues only that the trial court erred in applying the law to those factual findings.

The facts relevant to this appeal are these: On August 14, 2006, police officers searched adjoining Rooms 401 and 402 of the Twelve Hotel in Fulton County based on hotel employee reports that a large bag of marijuana was in Room 402. When the police knocked on the door to Room 402, Derrick Lawrence answered; Carter entered the room shortly thereafter from adjoining Room 401. No one else was in the rooms. After handcuffing Lawrence and Carter, the police

---

searched the rooms and found marijuana in a paper bag in the refrigerator and in the trash can and other controlled substances in a duffel bag.[1] The trial court found that neither Lawrence nor Carter consented to the search of the rooms and that both were "mere invitees" visiting the hotel rooms of a third person, identified as "Dresser." The court concluded that the rooms were not registered in Carter's name. Further, the court found that Carter did not sleep in Dresser's rooms, had his own room on another floor, and lacked card-key access to Dresser's rooms. A witness testified that the personal luggage in the rooms belonged to Dresser. The trial court suppressed the marijuana and drug evidence, concluding that even if Lawrence or Carter had consented to the entry, the police lacked authority to search Dresser's rooms because neither Lawrence nor Carter, as mere invitees of Dresser, could give their consent to search the rooms.

Given the court's factual findings, however, whether Lawrence or Carter consented to the search of the rooms is irrelevant. That is because a more fundamental issue — whether Carter can assert the protection of the Fourth Amendment against an unreasonable search and seizure — is dispositive of the motion to suppress under the facts as found by the trial court. Carter, as a mere invitee in Dresser's room, lacked standing to contest the illegality of a search of hotel premises in which he had no privacy interest. The law on this point is clear.

Only a defendant "aggrieved by an unlawful search and seizure" may move the court to suppress evidence illegally seized. OCGA § 17-5-30 (a). "The burden is on the defendant to show that he has standing to contest the alleged violation, i.e., that he has a legitimate expectation of privacy in the premises searched." (Citations and punctuation omitted.) *Gray v. State*, 260 Ga. App. 197, 201 (4) (581 SE2d 279) (2003). As we have held:

> A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search *of a third person's premises* has not had any of his Fourth Amendment rights infringed. Because Fourth Amendment rights are personal, a defendant may move to suppress evidence obtained through an illegal search and seizure only when his own rights were violated. In order to challenge the search, a defendant must show he had an expectation of privacy in the premises searched.

---

[1] There is no evidence establishing that Lawrence owned or used the duffel bag, and the trial court did not address whether Lawrence had any privacy interest in the duffel bag.

(Citations and footnotes omitted; emphasis supplied.) *English v. State*, 288 Ga. App. 436, 441 (3) (654 SE2d 150) (2007). As this applies to searches of hotel rooms, the Supreme Court of Georgia has further explained:

> In order to claim the protection of the Fourth Amendment against unreasonable search and seizure, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable. A person has a legitimate expectation of privacy in his or her home and may have a legitimate expectation of privacy in a house in which the person is an overnight guest; however, one who is merely present with the consent of the householder may not claim the protection of the Fourth Amendment. Like a householder, the registered guest of a hotel room has an expectation of privacy in that room. Whether this same protection applies to a guest of the renter, however, is determined based on the status of the guest. *If the guest is only a casual visitor, as opposed to an overnight guest, the guest does not have the same expectation of privacy as the renter.*

(Citations and punctuation omitted; emphasis supplied.) *Smith v. State*, 284 Ga. 17, 21 (3) (663 SE2d 142) (2008).

In *Smith v. State*, the Court concluded that the appellant failed to demonstrate that he had a reasonable expectation of privacy in a hotel room given that he "did not establish that he was sharing the room with the registered guest or that he was an overnight guest of the registered guest, there was no evidence appellant had a key to the room, and there was no evidence of any luggage belonging to appellant in the room." (Citations omitted.) Id. In the instant case, the trial court found that Rooms 401 and 402 were occupied by another person, that Carter was not the registered renter of the rooms, that he had no key to the rooms, and that he was not sleeping in the rooms. The court concluded that, given these facts, Carter was a social guest or "mere invitee" in the registered renter's rooms, that he lacked any authority to consent to a search of the rooms, and that the rooms "were not within his dominion or control." The court's legal conclusion is tantamount to a finding that Carter had no reasonable expectation of privacy in the rooms searched. See id.; see *English v. State*, 288 Ga. App. at 441 (3). Given that Carter had no reasonable expectation of privacy in the rooms searched, he was not "aggrieved" by the search within the meaning of OCGA § 17-5-30 (a) and the Fourth Amendment and, thus, lacked standing to contest the legality of the search. See *Smith v. State*, 284 Ga. at 21 (3);

*English v. State*, 288 Ga. App. at 441 (3). Since Carter lacked standing to contest the legality of the search, the trial court erred in granting the motion to suppress. See *Smith v. State*, 284 Ga. at 21 (3); *English v. State*, 288 Ga. App. at 441 (3).

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 10, 2009.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellant.

*Head, Thomas, Webb & Willis, William C. Head*, for appellee.