A09A1571. THE STATE v. DELVECHIO et al.

(687 SE2d 845)

BARNES, Judge.

The State appeals the trial court's decision to suppress evidence seized from a hotel room. The State contends that one who obtains a hotel room by presenting a fraudulent credit card has no reasonable expectation of privacy and therefore lacks standing to contest the seizure. For the reasons stated below, we reverse the trial court's decision to suppress the evidence found in the hotel room.

Appellees Jeffrey Delvechio and James Trammel were charged with possession of methamphetamine with intent to distribute, financial transaction card fraud, criminal possession of financial card forgery devices, forgery in the second degree, and identity fraud. The charges apparently stemmed from evidence obtained by police in the search of the appellees' hotel room in Atlanta. The trial court granted the appellees' motion to suppress the evidence found in the hotel room and statements made thereafter, after concluding that the appellees had legal standing to challenge the search. The court concluded that the search and seizure was unlawful because the police did not secure a search warrant and no exigent circumstances existed to authorize a search without a warrant.

The evidence presented at the hearing on the motion to suppress shows that after Delvechio and Trammel checked into a hotel, they requested a room key change from a guest services agent. The guest services agent recognized Delvechio from an incident a year earlier in another hotel in which Delvechio's credit card was declined and he walked out on the bill. As a precaution against a repeat of the previous incident, the agent called the credit card company and was informed that the card was declined because it actually belonged to another person. As a result of that call, the agent contacted the police to have Delvechio and Trammel arrested.

Later, Delvechio and Trammel were indicted for possession of methamphetamine with the intent to distribute, financial transaction card fraud, three counts of criminal possession of financial transaction card forgery devices, seventy-eight counts of forgery in the second degree, and seventeen counts of identity fraud. Before trial, however, they filed a motion to suppress the evidence seized from the hotel room. The motion asserted that the police lacked probable cause to search and no exigent circumstances existed. The State, however, asserted that the initial consideration was whether Delvechio and Trammel had standing to contest the search, and that they did not because they had no legitimate expectation of privacy in the hotel room that they procured through fraud. The only witness who testified at the suppression hearing was the guest services agent.

After the agent testified, the trial court found that Delvechio and Trammel had standing to contest the search, relying upon cases holding that registered guests had a legitimate expectation of privacy in their hotel rooms. Before the State called the arresting police officers to testify, the trial court granted the appellees' motion to suppress, ruling that no exigent circumstances existed to support the warrantless entry of the police and the search was unconstitutional because the police failed to obtain a search warrant.

When reviewing a trial court's decision on a motion to suppress,

our responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the trial court's findings and judgment and the trial court's findings on disputed facts and credibility of the witnesses are adopted unless they are clearly erroneous. *Morgan v. State*, 195 Ga. App. 732, 735 (394 SE2d 639) (1990). Nevertheless, when the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994).

The initial consideration in this case is whether Delvechio and Trammel had standing to contest the search, and in this context, the case turns on whether they had a reasonable expectation of privacy in the room.

> The Fourth Amendment to the United States Constitution and Article I, Section I, Paragraph XIII of the Georgia Constitution guarantee the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. The touchstone of Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy. The Amendment does not protect the merely subjective expectation of privacy, but only those expectations that society is prepared to recognize as reasonable.

(Citation and punctuation omitted.) *Gordon v. State*, 277 Ga. App. 247, 249 (626 SE2d 214) (2006). Although registered guests of a hotel room can have a reasonable expectation of privacy in their room, *Smith v. State*, 284 Ga. 17, 21 (3) (663 SE2d 142) (2008), one who obtains a room by fraud can have no reasonable expectation of privacy in the room. Like one in possession of a stolen car, "mere unlawful possession [of a room] does not alone warrant 'a reasonable expectation of freedom from governmental intrusion'. . . ." *Brisbane v. State*, 233 Ga. 339, 344 (211 SE2d 294) (1974). See also *Thomas v. State*, 274 Ga. 156, 160 (549 SE2d 359) (2001) (one driving a stolen vehicle has no reasonable expectation of privacy). Further, a justifiable eviction terminates the guests' reasonable expectation of privacy in that room. *Johnson v. State*, 285 Ga. 571, 575 (679 SE2d 340) (2009).

Under Georgia law, a guest is one who pays a fee to the innkeeper. OCGA § 43-21-1 (1). Because the guest services agent's testimony regarding the credit card presented by Delvechio consisted of hearsay, it was not sufficient to establish that the room was obtained through a fraudulent credit card. If they had obtained the

room through a fraudulent credit card, however, Delvechio and Trammel were not paying a fee for the room, and therefore were never guests within the meaning of OCGA § 43-21-1 (1). Thus, they could not have a reasonable expectation of privacy in a room that they obtained by fraud. Further, they could be evicted from the room for cause, and if they were being evicted from the hotel for cause, under OCGA § 43-21-3.1 (b)[1] they would not be entitled to notice of the eviction. *Johnson v. State*, supra, 285 Ga. at 575. Here, because the trial court erroneously concluded that Delvechio and Trammel had a reasonable expectation of privacy even if the room was obtained by fraud, we must reverse the grant of the motion to suppress and remand the case to the trial court for further proceedings in accordance with this decision and *Johnson v. State*, supra, 285 Ga. at 575.

*Judgment reversed and case remanded with direction. Miller, C. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 6, 2009 —
RECONSIDERATION DENIED DECEMBER 10, 2009.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellant.

*Edward J. Chase III, Scott J. Harrison, Jimmonique R. S. Rodgers, Kenneth D. Kondritzer*, for appellees.

---

[1] OCGA § 43-21-3.1 (b) provides that a hotel need not provide notice of a termination of occupancy for cause, such as failure to pay sum due, failure to abide by rules of occupancy, failure to have or maintain reservations, or other action by the guest.