**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 11, 2013**

# In the Court of Appeals of Georgia

A13A0475. WALKER v. THE STATE.

MILLER, Judge.

Following a jury trial, Michael Walker was convicted of aggravated sexual battery (OCGA § 16-6-22.2 (b)) and child molestation (OCGA § 16-6-4 (a) (1)). Walker appeals from the denial of his motion for new trial, contending that (1) the trial court erred in denying his motion in limine to exclude evidence that the victim contracted a sexually transmitted disease, and (2) trial counsel was deficient in failing to perfect the record and secure a final ruling on the motion to exclude this evidence. For the following reasons, we affirm Walker's convictions.

Viewed in the light most favorable to the jury's verdict,[1] the trial evidence shows that Walker was the brother of the victim's stepfather, and the victim referred

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

to Walker as her uncle. In 2007, when the victim was nine years old, she lived with her mother and stepfather in a house in Fulton County, Georgia. On or about August 17, 2007, the victim's mother and stepfather had a barbecue at their house. That night, the victim slept on the floor of her mother's room. Since the house had no air conditioning, the victim's family slept with a loud fan in the room, which was turned on high. The fan sometimes made it difficult to hear people in the room when they were talking.

Around 7:00 a.m. the next morning, the victim woke up, and saw Walker sleeping on the floor next to her mother's bed. The victim drifted in and out of sleep, and each time she woke up Walker was closer to her. The last time the victim woke up, Walker was behind her. Walker started asking the victim questions. Walker asked the victim if she wanted to be his secret girl friend. Walker then tried to pull down the victim's shorts, and he grabbed her hands and put them into his pants. Walker also put his hands inside the victim's underwear and touched the inside of her private area. Walker then pulled down the victim's pants and tried to stick his penis in her butt, thereby hurting her. The victim jumped up, and woke her six-year-old brother, who was sleeping by her mom and stepfather's mattress. When the victim told her brother what happened, Walker asked her if she was trying to get him "banged up." Walker

2

then tried to give the victim and her brother candy and a blue key chain in an attempt to keep them from reporting the incident.

That same morning, after Walker left the house, the victim told her mother what had happened. The victim's mother told her stepfather. The victim's mother waited until August 22, 2007, however, before contacting police and reporting the incident, because the victim's step-father wanted to talk to Walker before they took any action. The day after the victim's mother reported the incident, she took the victim to the emergency room to have her examined. A hospital screening test conducted on the victim revealed that she tested positive for chlamydia, a sexually transmitted disease.

Walker was indicted for aggravated sodomy (Count 1), aggravated child molestation (Count 2), aggravated sexual battery (Count 3) and child molestation (Count 4). Prior to Walker's trial, the State dead docketed the aggravated child molestation charge, which specifically alleged that Walker caused the victim to contract chlamydia. Walker then moved in limine to exclude any evidence that the victim had chlamydia. The State argued that evidence of chlamydia was relevant to the aggravated sodomy charge to show that sexual contact occurred. The trial court ruled that it would deal with the evidence "as it goes," but noted that "it's dangerous

3

territory." The jury found Walker guilty of aggravated sexual battery and child molestation, and not guilty of the aggravated sodomy charge.

1. Walker contends that the trial court erred in admitting highly prejudicial and irrelevant evidence that the victim contracted chlamydia. We disagree.

> Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. The trial court has great discretion to determine relevancy and materiality of evidence, and admission is favored in doubtful cases.

(Citation and punctuation omitted.) *Simmons v. State*, 282 Ga. 183, 187 (10) (646 SE2d 55) (2007). Moreover, this Court will not disturb the trial court's exercise of its discretion absent evidence of abuse. See *Smith v. State*, 302 Ga. App. 128, 130 (1) (690 SE2d 449) (2010).

Here, Walker moved to exclude evidence that the victim had contracted chlamydia because such evidence was no longer relevant as it only applied to the aggravated child molestation count, which was dead docketed. In response to Walker's motion, the State confirmed that it planned to establish a link between such evidence and the charged crimes through expert testimony that the victim's

4

allegations were consistent with how chlamydia is transmitted. The trial court then acted within its discretion by reserving its ruling on Walker's motion to exclude the evidence. See *Whitehead v. State*, 287 Ga. 242, 248-249 (2) (695 SE2d 255) (2010) (holding that trial court may reserve final ruling on an objection to certain evidence and parties remain free to renew the objection during trial).

At trial, during opening and closing statements, the State argued that the victim contracted chlamydia directly from Walker. The State also presented evidence that the victim tested positive for chlamydia. Additionally, the State presented testimony from a communicable disease expert who opined that a person can test positive for chlamydia within two days after they are exposed to the disease, penetration is not necessary in order to transmit the disease, and a chlamydia infection can occur through either vaginal or anal contact.

Walker argues that this evidence was highly prejudicial and irrelevant; however, he did not object to the State's opening and closing arguments, and he did not renew his objection to admission of the chlamydia evidence when the examining physician and communicable disease expert testified during his trial. Since the trial court reserved its ruling on the admissibility of the chlamydia evidence and Walker failed to renew his objection, Walker waived his claim regarding the admissibility of

this evidence. See *Jeffers v. State*, 290 Ga. 311, 313-314 (4) (a) (721 SE2d 86) (2012) (defendant waived claim regarding admissibility of evidence where trial court reserved ruling on admissibility of each witness's testimony until trial and the defendant failed to renew his hearsay objection).

Walker also argues that evidence showing that the victim contracted chlamydia was inadmissible under the Rape Shield Statute, which excludes evidence of a victim's past sexual behavior in rape or other sex crime cases. See former OCGA § 24-2-3; *Warner v. State*, 277 Ga. App. 421, 423 (2) (626 SE2d 620) (2006). Because Walker did not object on this ground at trial, this argument presents nothing for us to review. *Brown v. State*, 277 Ga. 573, 574 (3) (592 SE2d 666) (2004).

2. Walker contends that trial counsel provided ineffective assistance by failing to perfect the record and secure a final ruling from the trial court after he moved in limine to exclude references to chlamydia. We do not agree.

> To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a criminal defendant bears the burden of showing that counsel's performance was deficient and that the deficient performance so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. . .

6

. The trial court's determination with respect to effective assistance of counsel will be affirmed unless its findings are clearly erroneous.

(Citations and punctuation omitted.) *Robinson v. State*, 312 Ga. App. 736, 742 (3) (719 SE2d 601) (2011). It is clear from the record that part of Walker's trial strategy was to convince the jury that he could not have committed the charged acts because the victim had chlamydia and no evidence showed that he ever had that sexually transmitted disease. Notably, Walker argued in his opening statement that the State could not prove that the victim contracted chlamydia from him. In closing, Walker reiterated this argument and specifically pointed out the lack of any evidence that he ever had chlamydia. "This [C]ourt has repeatedly held that trial strategy and tactics do not equate with ineffective assistance of counsel." (Citation and punctuation omitted.) *Jacobson v. State*, 201 Ga. App. 749, 752 (5) (a) (412SE2d 859) (1991).

Moreover, Walker cannot show that the trial court abused its discretion in admitting the chlamydia evidence since he used that evidence to successfully argue in favor of his acquittal of the aggravated sodomy charge. See *Warner*, supra, 277 Ga. App. at 424 (2). Given his acquittal on that charge, Walker cannot show prejudice in trial counsel's failure to renew his objection to admission of this evidence. See *Jacobson*, supra, 201 Ga. App. at 753 (b). Accordingly, Walker failed to show that

7

the trial court clearly erred in determining that he was afforded effective assistance of counsel.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*