**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 24, 2024**

# In the Court of Appeals of Georgia

A24A1034. COUCH v. THE STATE.

MCFADDEN, Presiding Judge.

This appeal concerns whether the occupant of a hotel room retained a reasonable expectation of privacy in the room after the time for checkout had passed and no extension had been requested. The trial court held that the occupant did not have a reasonable expectation of privacy under these circumstances, and therefore he lacked standing to challenge a warrantless search of the room. We find no error in this conclusion. So we affirm the trial court's denial of appellant Christopher John Couch's motion to suppress evidence obtained in the search.

1. *Facts*

In reviewing the trial court's denial of Couch's motion to suppress evidence, we

> must construe the evidentiary record in the light most favorable to the trial court's factual findings and judgment. Moreover, [we] generally must accept the trial court's factual findings unless they are clearly erroneous, and also generally must limit [our] consideration of the disputed facts to those expressly found by the trial court. Although we owe substantial deference to the way in which the trial court resolved disputed questions of material fact, we owe no deference at all to the trial court with respect to questions of law, and instead, we must apply the law ourselves to the material facts.

*Westbrook v. State*, 308 Ga. 92, 96 (2) (839 SE2d 620) (2020) (citations and punctuation omitted).

In his order, the trial court found the following facts, which are supported by the record. On the morning of November 15, 2019, a law enforcement officer went to a hotel in search of a fugitive. From a photograph, the hotel's front desk clerk recognized the fugitive as someone "associated with" a room in the hotel that was registered to Couch's father. Couch was an occupant of that room.

The hotel room was scheduled for checkout later that morning, at 11:00 a.m., and neither Couch's father nor anyone else had arranged with the hotel for a later

2

checkout time. Shortly after 11:00 a.m., the hotel manager and another employee accompanied law enforcement officers to the room. With the manager's permission, the officers entered the room, where they saw "illicit narcotics" in plain view.

The trial court denied Couch's motion to suppress evidence found in the room and, after a jury trial, Couch was convicted of multiple drug offenses and possession of a firearm by a convicted felon. He appeals, challenging the denial of his motion to suppress.

2. *Analysis*

Couch argues that the trial court should have suppressed the evidence because the officers' warrantless search of the hotel room was unconstitutional. The state argues, and the trial court found, that Couch lacked standing to contest the search. We agree that Couch lacked standing.

"[D]emonstrating standing is a threshold burden for suppression of the evidence." *Hampton v. State*, 295 Ga. 665, 669 (2) (763 SE2d 467) (2014). "[A] criminal defendant has standing to suppress evidence obtained through an illegal search or seizure only in the situation in which his or her own rights are violated[.]" Id. at 668 (2).

In this case, the issue of Couch's standing "turns on whether [he] had a reasonable expectation of privacy in the [hotel] room." *State v. Delvechio*, 301 Ga. App. 560, 562 (687 SE2d 845) (2009). "[R]egistered guests of a hotel room can have a reasonable expectation of privacy in their room[.]" Id. This expectation also extends to persons who are "staying at least overnight in the room, at the invitation of the registered guest." *Smith v. State*, 302 Ga. App. 128, 134 (2) (a) (690 SE2d 449) (2010).

But the reasonable expectation of privacy generally ends when control of the room reverts back to the hotel at checkout time. See *Lindsey v. State*, 353 Ga. App. 231, 235-236 (1) (a) (836 SE2d 563) (2019). This rule is well-settled and found across jurisdictions. See, e. g., *United States v. Ross*, 964 F3d 1034, 1043 (II) (B) (11th Cir. 2020) (generally "a short-term hotel guest . . . has no reasonable expectation of privacy in his room after checkout time, and thus no standing to object to a room search that police conduct with the consent of management after the checkout time has passed"); *United States v. Allen*, 106 F3d 695, 699 (II) (A) (6th Cir. 1997) ("Once a hotel guest's rental period has expired . . . the guest does not have a legitimate expectation of privacy in the hotel room. . . .") (citation and punctuation omitted);

4

*United States v. Huffhines*, 967 F2d 314, 318 (C) (9th Cir. 1992) ("A guest in a motel has no reasonable expectation of privacy in a room after the rental period has expired."); *United States v. Larson*, 760 F2d 852, 855 (A) (8th Cir. 1985) (defendant did not have a reasonable expectation of privacy in a hotel room seven hours beyond the checkout time and five hours "beyond the time he had been given permission to stay without paying the next day's rent"); *United States v. Jackson*, 585 F2d 653, 658 (4th Cir. 1978) ("it is the present well-settled rule that a guest in a hotel or motel loses his reasonable expectation of privacy and consequently any standing to object to an unauthorized search of the premises after his rental period has terminated") (punctuation omitted); *United States v. Akin*, 562 F2d 459, 464 (1) (7th Cir. 1977) ("at the conclusion of the rental period the guest has completely lost his right to use the room and any privacy associated with it") (citation and punctuation omitted); *United States v. Parizo*, 514 F2d 52, 54 (2d Cir. 1975) ("[W]hen the term of a guest's occupancy of a room expires, the guest loses his exclusive right to privacy in the room. The manager of a motel then has the right to enter the room and may consent to search of the room and the seizure of the items found there."); *United States v. Croft*, 429 F2d 884, 887 (10th Cir. 1970) ("[A]lthough it is clearly established that a guest

in a hotel or motel room is entitled to protection against unreasonable searches and seizures, still the protection is dependent on the right to private occupancy of the room. When the rental period has elapsed, the guest has completely lost his right to use the room and any privacy associated with it.") (citations omitted).

This rule is also discussed in 4 LaFave, Search & Seizure: A Treatise on the Fourth Amendment, § 8.5 (a) (5th ed.), which states:

> If a person has rented a hotel or motel room for a fixed period of time, either by paying rent only for a certain number of days or by indicating at registration an intention to remain only a certain number of days, and by the time set for checkout on the date this period ends the guest has not made the necessary arrangements to extend the rental period, the hotel or motel management may then consent to a police search of the room.

Id. at p. 286.

We are not persuaded by Couch's argument that the hotel must take some additional, affirmative action for a holdover occupant to lose a reasonable expectation of privacy in the room. The above-cited authorities do not require such an action. And the Georgia Supreme Court opinion that Couch cites for this proposition, *Johnson v. State*, 285 Ga. 571 (679 SE2d 340) (2009), did not involve a situation where the

6

checkout time had passed. It concerned a guest's loss of the reasonable expectation of privacy *during* the course of his tenancy, when the hotel justifiably terminated his occupancy of the room due to the guest's behavior. Id. at 574.

We also note that our decision in *Lindsey*, which held that a guest's loss of control at checkout terminated the reasonable expectation of privacy in the room, 353 Ga. App. at 235-236 (1), has some factual distinctions from this case. Unlike here, there was evidence in *Lindsey* that the registered guest had signed a form that stated the checkout time in bold, which gave the hotel the right under OCGA § 43-21-3.2 to remove the guest's belongings from the room or lock the guest out of the room after the checkout time had passed. *Lindsey*, 353 Ga. App. 235 (1). But the fact that the hotel in this case might not have been able to use that particular statutory remedy does not mean that Couch continued to have a right to possess or exercise control over the room. The issue of what remedies are available to a hotel to deal with a holdover guest is separate from the issue of whether the holdover guest retains his reasonable expectation of privacy in the room. See *Ross*, 964 F3d at 1044 (II) (B) n. 7 (a hotel's noncompliance with a statute establishing a misdemeanor offense for failing to leave a hotel after the checkout time "simply means that [the defendant] couldn't be

7

charged with misdemeanor trespassing for his holdover[, not that he] maintain[ed] an indefinite possessory interest — and a reasonable expectation of privacy for Fourth Amendment purposes — in a hotel room"). And "mere unlawful possession of a room does not alone warrant a reasonable expectation of freedom from governmental intrusion." *Delvechio*, 301 Ga. App. at 562 (citation and punctuation omitted).

For these reasons, we find no error in the trial court's conclusion that Couch did not have a reasonable expectation of privacy when the law enforcement officers entered the hotel room. So the trial court properly denied Couch's motion to suppress for lack of standing.

*Judgment affirmed. Mercier, C. J., and Rickman, J., concur.*